439 So.2d 576 (1983)
STATE of Louisiana
v.
Charles BUCHANAN.
No. 83 KA 0039.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*578 Samuel J. Dileo, Jr., Asst. Dist. Atty., 21st Judicial District Court, Amite, and Abbott J. Reeves, Asst. Dist. Atty., Gretna, for appellee state of La.
Servando C. Garcia, III, Basile J. Uddo, Metairie, for defendant-appellant.
*579 Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Charles Buchanan, defendant, was charged by grand jury indictment with second degree murder in violation of La. R.S. 14:30.1. He pled not guilty, was tried by jury and found guilty as charged. The trial court sentenced him to be committed to the Department of Corrections for life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
We affirm.
On the night of May 16, 1982, Larry Brumfield and his wife, along with other companions, were at the Steampit Lounge located in Amite, Louisiana. Buchanan and his friend "Man" Thomas were also at the lounge. After spotting each other, both Buchanan and Brumfield exited the premises ostensibly to avoid trouble because of an earlier altercation between them. Brumfield left through the front door, defendant through a side door. Subsequent to this time, Brumfield told his companions he wished to leave but could not because his sister-in-law (who was traveling with Brumfield and his wife) was missing. When told she was around the corner of the lounge (which, unfortunately, was where Buchanan and Thomas were located), Brumfield went to get her. When Buchanan saw Brumfield coming he told Brumfield to stop. As Brumfield rounded the corner, Buchanan shot once, apparently hitting the victim in the back whereupon he fell to the ground. A second shot was then fired by Thomas. However, only one bullet hit the victim and there was some controversy at trial over which bullet hit Brumfield because the coroner testified he could not identify the bullet from the fragments found in Brumfield's body. (Buchanan and Thomas were firing guns of almost the same caliber). After the shooting, Brumfield was rushed to the hospital where he was pronounced dead. The police arrived at the Steampit seconds later and arrested Buchanan. Later, Buchanan gave a taped statement acknowledging his involvement and asserting that he felt his shot hit the victim. He was then tried by a jury after formal indictment by the grand jury. At trial, defendant asserted he shot in self-defense because of the previous incident between him and Brumfield when the latter allegedly shot defendant in the face and back with a shotgun. Defendant testified that when he saw Brumfield rounding the corner with his hands in his pockets, he (the defendant) became fearful that the victim would shoot him again. Rejecting this theory, the jury on a ten-to-two vote found the defendant guilty as charged. Defendant posits numerous assignments of error some of which will be dealt with in combination with others.

ASSIGNMENTS OF ERROR NUMBERS 1, 8 and 9:
Assignments of error numbers 1, 8 and 9 can be addressed together since they deal with the same issues.
In assignment of error number 1, defendant urges that the trial court erred in denying his motion for a new trial and motion to modify the verdict because the verdict was contrary to the law and evidence. Defendant contends that the State failed to prove a critical element of its casethat he had the specific intent to kill or inflict great bodily harm on the victim. Further, defendant argues that a new trial should be ordered or the verdict modified because the State did not carry its burden to show beyond a reasonable doubt that defendant had not acted in self-defense.
In assignment of error number 8, defendant again raises the issue of self-defense, claiming that the trial court erred in failing to order a new trial on the basis that the State failed to prove beyond a reasonable doubt that defendant was not acting in self-defense or with legal justification. Finally, in assignment of error number 9, defendant urges that the trial court erred in failing to modify the verdict to one of acquittal or at least the lessor included offense of manslaughter. We will address the issues of specific intent, self-defense, and sufficiency of evidence.
*580 The test in determining on appeal whether a new trial should be granted was enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This test is also used in determining whether a verdict should be modified. La.C.Cr.P. art. 821. Pursuant to this test, the court is required to consider the evidence in the light most favorable to the prosecution and determine whether any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. See also, State v. Fuller, 414 So.2d 306, 310 (La.1982). Additionally, since circumstantial evidence must be considered in this case a second standard of review is applicable; i.e., in order to convict every reasonable hypothesis of innocence must be excluded. La.R.S. 15:438; State v. Graham, 422 So.2d 123 (La.1982).
Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1). The State must show specific intent on the part of the defendant. Although intent is a fact question it need not be proven as fact. Instead, it may be inferred from the circumstances of the transaction. La.R.S. 15:445; State v. Fuller, supra.
Defendant asserts that he was intoxicated at the time of the shooting and did not have the requisite specific intent which must be proven by the State under the provisions of La.R.S. 14:30.1(1); See also La.R.S. 14:15.
There is no real proof of defendant's intoxication other than his own testimony. Indeed, defendant's taped statement tends to negate this defense. On the tape, defendant asserts that he intended to kill the victim because he was trying to defend himself. This admission clearly indicates that defendant intended to kill the victim. This brings us to the issue of self-defense.
A defendant who asserts that he acted in self-defense does not have the burden of proof on that issue. State v. Brown, 414 So.2d 726 (La.1982). Rather, the State has the burden to show beyond a reasonable doubt that the defendant did not act in self-defense. State v. Jackson, 419 So.2d 425 (La.1982); State v. Brown, supra.
Even though defendant does not have the burden of proving his allegation of self-defense, defendant urges that he made a strong showing that he had a reason to fear the victim. Defendant stated that he had been shot by the victim twice in a previous incident. He claimed the victim was almost running toward him when he shot and that he yelled at him to halt. Yet others testified that defendant was getting ready to leave when the incident occurred.
After examining the testimony herein, we find that the State did carry the burden of proof sufficiently. The State produced a witnessRaymond Brown who saw the incident. He testified that the victim turned and started to run. The coroner's testimony further corroborated Brown's testimony. Dr. Ralph Maxwell stated that the bullet penetrated the victim's right back clearly showing that the victim was attempting to turn and leave. Additionally, in his taped statement defendant admits that he did not see the victim carrying a gun.
For the foregoing reasons, our review of the record indicates to us that a rational finder of fact could have found the essential elements of the crime to support the verdict, beyond a reasonable doubt, even to the extent that every reasonable hypothesis of innocence had been excluded.
These assignments lack merit.

ASSIGNMENT OF ERROR NUMBER 2:
In assignment of error number 2, defendant urges that the trial court erred in denying his motion for new trial because the prosecution failed to establish an essential element of proof. Defendant claims that there was no forensic evidence to prove that the bullet which struck and killed the victim came from defendant's gun. In his motion, defendant argues that, because of the lack of forensic evidence, the verdict *581 was contrary to law and evidence. La.C. Cr.P. Art. 851(1).
Defendant asserts that the only way to be certain that the bullet which killed the victim came from defendant's gun would be through the analysis of a ballistics expert since both defendant and Thomas shot at the victim, only seconds apart in time, from essentially the same spot. Defendant asserts there were no eyewitnesses to the shooting except Raymond Brown, Thomas' brother-in-law, which defendant believes might have been sufficient motivation for Brown to come to the conclusion that defendant's bullet was the fatal one.
Since the evidence is circumstantial, defendant urges that the prosecution did not exclude every reasonable hypothesis of innocence as required by La.R.S. 15:438. Circumstantial evidence has been defined as proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and experience. State v. Jackson, 419 So.2d 837, 839 (La.1982) quoting State v. Austin, 399 So.2d 158 (La.1981).
In cases where there is direct evidence or direct and circumstantial evidence, before we will reverse a guilty verdict on review, we must be convinced that no rational trier of fact would conclude that defendant's guilt had been proven beyond a reasonable doubt, when the evidence is viewed in a light most favorable to the state. However, if the evidence is circumstantial, then due process requires that we must determine that, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded every reasonable hypothesis of innocence had been excluded. La.R.S. 15:438; State v. Washington, 421 So.2d 887 (La.1982); State v. Buxton, 416 So.2d 71 (La.1982).
We believe it is questionable whether the evidence presented at trial was entirely circumstantial, which would, as defendant asserts, require a heavier burden of proof on the State. Regardless, we find the evidence sufficient to support the verdict under either test.
In this case, the State could not produce a ballistics report on the bullet which would have provided a definitive answer as to the origin of the bullet. The coroner testified that after hitting the spine, the bullet fragmented into six minor pieces which were too small to be identifiable. Defendant implies that the State could have gotten a ballistics report had it so chosen. This was not the case judging from the coroner's testimony. However, the State does have one witness who was able to connect defendant with the fatal bulletRaymond Brown. As previously noted, defendant implies that because Thomas is Brown's brother-in-law, then Brown's testimony should not be given great weight. This fact was undoubtedly given consideration by the jury in weighing Brown's testimony.
Brown testified that he heard a gunshot and saw the victim fall after the first shot. He then saw Thomas shoot. If one considers this testimony along with that of defendant wherein he stated he shot at the victim and "felt like" he hit him, and that of numerous witnesses who only heard two shots, then it seems logical to conclude that defendant fired the first shot which hit Brumfield and Thomas fired second and missed. In State v. Smith, 400 So.2d 587 (La.1981), the defendant argued that a new trial should have been granted by the trial court on the basis of insufficiency of evidence since no one actually saw the defendant shoot the victim. There was one witness who heard a gunshot and then saw the defendant standing with a gun in the road facing the lounge wherein the victim was located. He also saw a second man running on the service road. The witness then saw the defendant shoot twice more and then also proceed to run. The Louisiana Supreme Court found that the circumstantial evidence was sufficient to exclude every reasonable hypothesis of innocence. We find that, in the instant case, the testimony of Brown is certainly as strong and conclusive as that provided by the eyewitnesses in Smith.
Defendant argues that the victim may have been attempting to dodge gunfire after *582 the first shot rather than falling after being hit. But, a review of Brown's testimony does not support this argument:
Q. How many shots did you hear fired?
A. Two.
Q. Who fired the first shot?
A. Charles Buchanan.
Q. What happened after the first shot?
A. Larry fell.
There is no implication that the victim crouched low or attempted to dodge bullets. The testimony is that he fell, undoubtedly from the force of the bullet. In reviewing the sufficiency of the evidence, we must look to the inferences made by the trier of fact based on circumstantial evidence, and these inferences need only exclude every reasonable hypothesis, not every possible theory of innocence. State v. Jackson, supra. We feel that the State has met that burden here. For the foregoing reasons, we find this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 3:
In this assignment, defendant contends that the trial court erred in denying his post trial motion for independent examination of evidence, a motion which is usually made prior to trial. Defendant requested to examine the bullet fragments from the victim. La.C.Cr.P. art. 729 provides that the time for filing discovery motions such as this one is regulated by La.C.Cr.P. art. 521. Article 521 provides that the trial court has discretion on whether or not to extend time for pre-trial motions.
We presume that defendant was proceeding under La.C.Cr.P. art. 718 which provides:
Subject to the limitation of Article 723, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, custody, or control of the state, and which:
(1) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3) were obtained from or belong to the defendant.
The court may determine whether evidence is subject to the provisions of Paragraph (1) hereof by in camera inspection.
We note that the article refers to things within the possession, custody, or control of the State. The item requested by defendant was not within the possession, custody or control of the State.
At trial, the coroner testified that he was unable to recover the bullet.
Q. Dr. Maxwell were you able to recover, in the course of your autospy, the bullet?
A. No I was not. The six minor pieces were too small to be identifiable, and the multitude of splattering the bullet were of course even smaller. The fragments penetrated into the heart, lungs and other vital organs.
In its brief, the defendant urges that the requested examination might have been possible at pretrial. We feel this is erroneous in light of the coroner's testimony. The State also asserts that because defendant made no pre-trial effort to examine the bullets or fragments, then he is not entitled to such now.
We find no error on the part of the trial court in denying this motion since the request by defendant was impossible.

ASSIGNMENT OF ERROR NUMBER 4:
In assignment of error number 4, defendant argues that the trial court erred in not granting his motion for a new trial based on newly discovered evidence.
Defendant asserts that after the trial he discovered through newspaper reports that the victim had acted as a sheriff's informer. Defendant believes that if the jury had been privy to this information it would have *583 affected their view of the credibility of the law enforcement officers who testified.
The test in determining whether a motion for new trial based on newly discovered evidence should be granted is whether the new evidence is so material that it ought to produce a different result from the verdict rendered at trial. La.C.Cr.P. art. 851(3); State v. Huizar, 414 So.2d 741 (La. 1982); State v. Simmons, 414 So.2d 705 (La.1982).
We do not believe that this information would have made a difference in the outcome of the verdict. The officers' testimony was only a small portion of the State's evidence. The State also had an eyewitness as well as a taped statement from defendant admitting that he shot at the victim and felt like he hit him with the intent to kill him.
Further, the trial court's decision on a motion for new trial will not be disturbed absent a clear abuse of discretion. State v. Huizar, supra. We find no such abuse here. Accordingly, we find this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 5:
In assignment of error number 5, defendant contends that the trial court erred in denying his motion for a new trial because the trial court failed to sequester the jury before the trial began.
On the first day of trial, after eleven jurors had been chosen and sworn, the trial court allowed these jurors to go home with instructions that they were not to talk to anyone about this case or come to any conclusion. They were told to come back the following day. The last remaining juror was picked along with two alternates. The following day the case was tried and the jury went into deliberation. They were not able to reach a decision that night so the trial court had them sequestered as mandated by La.C.Cr.P. art. 791(C).
First of all, we wish to state that it is unclear as to which one of the five grounds for a motion for a new trial defendant is urging. Since no motion for sequestration was made by defendant and therefore, no objection to its denial, then defendant cannot be proceeding under La.C.Cr.P. art. 851(2). The only other ground it might come under would be La.C.Cr.P. art. 851(5), that "the court is of the opinion that the ends of justice would be served by a granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right." If defendant is proceeding under this article, then we note that traditionally courts have held that this basis presents nothing for the appellate court's review. State v. Toomer, 395 So.2d 1320 (La.1981); State v. Bell, 377 So.2d 275, 281 (La.1979).
In any event, we note that the trial court has discretion in deciding whether to sequester the jury in a non-capital case except after he has given his charge. Then it is mandatory. La.C.Cr.P. art. 791; State v. Bolton, 408 So.2d 250 (La.1981). Here, we find the trial court acted reasonably, especially since no motion was made by defendant to sequester them.

ASSIGNMENT OF ERROR NUMBER 6:
In assignment of error number 6, defendant urges that the trial court erred in denying defendant's motion for a new trial on the basis that the jury should have been allowed to view the scene of the crime after they so requested.
Again, we must state at the outset that it is unclear from defendant's motion as to which ground for a new trial he is urging in La.C.Cr.P. art. 851. Since no objection was made by defendant to the trial court's ruling, then he cannot be proceeding under art. 851(2). None of the other sections seem appropriate except section (5) which allows for a new trial if the trial court is of the opinion that the ends of justice would be served by the granting of such, although the defendant may not be entitled to it as a matter of strict legal right. If this is the basis on which he is proceeding, we note once again that the courts have traditionally held that such a basis presents nothing *584 for the appellate's court review. State v. Toomer, supra; State v. Bell, supra.
Whether or not a jury may view the scene of a crime is left to the discretion of the trial court. La.C.Cr.P. art. 762. The decision will not be disturbed on appeal in the absence of abuse of discretion. State v. Johnson, 294 So.2d 229 (La.1974).
After reviewing the transcript, we note that a detailed drawing of the scene was used at trial so that the jury could better understand what took place. Although it was not admitted into evidence, it was apparently fairly accurate since the witnesses did not appear to have trouble using it.
We find no abuse of discretion by the trial court here. The assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 7:
In assignment of error number 7, defendant alleges that the trial court erred in denying his motion for a new trial. Defendant argues that a new trial is necessary because the trial court failed to give a "sequestration charge" to the jury prior to its being recessed for the night. The jury had been deliberating for some time and at 11:10 p.m. the trial court felt that it would be best to let the jury rest for the night. The jury was kept under sequestration and therefore spent the night at a hotel. Defendant argues that the trial court should not have recessed for the night without giving a "sequestration charge".
Initially, before addressing the merits of this argument, we must state that we are again unable to determine under which section of La.C.Cr.P. art. 851 defendant is proceeding. The motion itself gives us no clue. The only section which could be appropriate is (5) which states that a new trial may be ordered when a trial court is of the opinion that the ends of justice would be served by the granting of such. Once again we note that if defendant is proceeding on that basis, courts have traditionally held that that basis presents nothing for the appellate court's review. State v. Toomer, supra; State v. Bell, supra.
However, on the merits we agree with the State in that we know of no requirement for the trial court to give a "sequestration charge" to the jury after the jury has gone into deliberation and been placed under sequestration. Once the jury is under sequestration and in the control of the court, then there is no need for any such charge.
The defendant's argument is meritless.

ASSIGNMENT OF ERROR NUMBER 10:
In assignment of error number 10, defendant urges that the trial court erred in denying his motion in arrest of judgment in that defendant was not informed of his right to waive a jury under circumstances where pre-trial publicity tainted his right to a fair and impartial jury.
Louisiana Code of Criminal Procedure article 780 provides that:
A defendant charged with any offense except a capital offense may knowingly and intelligently waive a trial by jury and elect to be tried by the court. At the time of arraignment, the defendant in such cases shall be informed by the court of his right of waiver and election.
Defendant claims that he was not informed at his arraignment or anytime thereafter of his right to waive a trial by jury. He states that had he been so informed he would have opted for a bench trial because of the pretrial publicity in such a small town.
The State counters that if defendant had truly feared too much pretrial publicity, then he should have made a motion for a change of venue.
Though the minute entry of the arraignment simply states that defendant was advised of his rights, we note after reviewing the transcript that the trial court did not advise him of his rights personally but rather was assured by defendant's counsel that he had advised defendant of his rights under the laws and Constitution of the State of Louisiana and the United States, including *585 his right to trial before a judge or a jury. Defendant's counsel assured the trial court that defendant understood his rights and defendant himself affirmed his attorney's conclusion.
In State v. Sharp, 338 So.2d 654 (La.1976), the court stated that it would not sanction and hold to a hard and fast rule that the failure of the trial court to verbalize the option at an arraignment of a defendant necessarily constitutes reversible error. The court was satisfied that the defendant was aware of his option through advice of counsel. Indeed, in Sharp the defendant never alleged he did not know of his right to waive the jury. In the instant case, defendant does allege he did not know he could waive the jury, and claims he would have done so had he known. However, a review of the transcript simply does not support defendant's assertions. And, even if we chose to believe defendant, he had made no showing of actual prejudice. La.C.Cr.P. art. 921; State v. Ardoin, 340 So.2d 1362 (La.1976).
For the foregoing reasons, we find no merit in the assignment of error.

ASSIGNMENT OF ERROR NUMBER 11:
In assignment of error number 11, defendant contends that the trial court erred in denying his motion in arrest of judgment under Article 859(2) of the Louisiana Code of Criminal Procedure. Defendant contends he was convicted under a statute which is unconstitutional under both state and federal constitutions. Defendant claims that Article 782 denies him his right to equal protection of the laws in that it allows a conviction by a less than unanimous verdict.
La.C.Cr.P. art. 782 provides as follows:
A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict.
Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
B. Trial by jury must knowingly and intelligently waived by the defendant except in capital cases.
Defendant asserts that the article results is dissimilar treatment for similarly situated individuals thereby constituting a violation of equal protection.
Defendant maintains that, when a defendant has been charged with first degree murder and the State has agreed that it will not seek the death penalty, he is in essentially the same situation as a defendant being tried for a second degree murder. Each is in jeopardy of serving a life sentence without benefit of probation, suspension of sentence or parole. However, defendant argues that although the two are similarly situated, Article 782 gives unequal treatment to them because in order for the defendant charged with first degree murder to be convicted, the jury must return an unanimous verdict. State v. Goodley, 398 So.2d 1068 (La.1981). However, in the case of the defendant charged with second degree murder, the jury need only return with a 10-2 vote. As such, defendant asserts this difference results in unequal treatment for those similarly situated and consequently results in a violation of equal protection.
We cannot agree. Initially, we must state that we do not find the situations similar. One defendant is being tried for first degree murder and the other for second degree murder. Secondly, our Supreme Court has addressed this issue before and determined that Article 782 is not violative of either the fourteenth or sixth amendments to the United States Constitution. State v. Belgard, 410 So.2d 720, 726 (La.1982).
Accordingly, we find this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 12:
In assignment of error number 12, defendant avers that the trial court erred in *586 admitting into evidence defendant's inculpatory statement made to the officers. Defendant alleges that the state failed to show that the statement was freely and voluntarily given and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises as provided in La.R.S. 15:451.[1]
We note initially that defendant failed to object to the introduction of the statement and, therefore, is precluded from raising the issue on appeal. La.C.Cr.P. art. 841.
However, we will state that from our perusal of the transcript, the state did make an adequate showing that defendant was informed of his rights and made a knowing and intelligent waiver of such when he gave his statement to the officers.
Officer Jackson who took the statement testified that there were no promises made or threats given to the defendant. Also, defendant's own testimony at trial supports the statement he gave the officers.
The admissibility of a confession (or inculpatory statement) is in the first instance a question for the trial court and its conclusion on credibility and the weight of testimony relating to the voluntariness of a confession will not be overturned on appeal unless they are not supported by the evidence. State v. Perry, 420 So.2d 139 (La.1982); See also, State v. Jackson, 414 So.2d 310 (La.1982), wherein the trial court's ruling suppressing a confession was reversed.
Accordingly, we find this assignment not properly before us and also lacking merit.

ASSIGNMENT OF ERROR NUMBER 13:
In assignment of error number 13, defendant alleges that the trial court erred in not adequately and clearly explaining the law relative to criminal intent in response to a request from the jury.
Again, defendant failed to voice any objection to the explanation given by the trial court and, therefore, is precluded under La. C.Cr.P. art. 841 from raising the issue on appeal.
However, even in light of this procedural defect, we find from a review of the trial court's instruction that the jury was given adequate instructions on intent, especially when viewed along with the first instructions to the jury on intent which tracked the language of La.R.S. 14:10.
We find no merit in this assignment of error.
Having reviewed the errors assigned by defendant and having found no merit therein, we affirm the rulings of the trial court and defendant's conviction.
AFFIRMED.
NOTES
[1] The rules governing the admissibility of confessions are applicable to admissions involving the statement of criminal intent or inculpatory fact. State v. McGraw, 366 So.2d 1278 (La.1978).