444 So.2d 1269 (1983)
STATE of Louisiana
v.
Mary DANOS.
No. 83 KA 0687.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Writ Denied February 27, 1984.
Stephen E. Caillouet, Asst. Dist. Atty., Thibodaux, for plaintiff, State of La.
George R. Simno, III, New Orleans, for defendant, Mary Danos.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
Defendant, Mary Danos, was charged by grand jury indictment with the crime of distributing and dispensing the controlled dangerous substance placidyls (Exthchlorvynol) as defined in LSA-R.S. 40:961 and LSA-R.S. 40:964, in violation of LSA-R.S. 40:969 of the Louisiana Uniform Controlled Dangerous Substances Law.
*1270 Initially, defendant entered a plea of not guilty, but later changed her plea to guilty. She was sentenced to confinement with the Department of Corrections for ten (10) years. The sentence, however, was suspended with the requirement that defendant be placed on active probation for five (5) years, subject to the following special conditions: (1) report to a probation officer within 24 hours; (2) serve two years in the parish jail; (3) receive treatment from the Substance Abuse Clinic; (4) pay a fine of $3,500 and costs, starting one month after she is released from jail in the sum of $100 per month; and, (5) reimburse the parish sheriff's office for investigation expenses.
Defendant appeals assigning as error the failure of the trial court to adhere to the sentencing guidelines of LSA-C.Cr.P. art. 894.1. Although not assigned as error, defendant argues in brief that the sentence imposed by the trial court is excessive.
Sentencing guidelines of Article 894.1
LSA-C.Cr.P. art. 894.1 sets forth three factors which justify a sentence imposing imprisonment and eleven other factors which indicate when a suspension of sentence or probation is appropriate. The statute provides that the latter, "while not controlling the discretion of the court, shall be accorded weight" by the trial court in imposing sentence. The enactment concludes that the trial court "shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." State v. Cox, 369 So.2d 118 (La.1979); State v. Wimberly, 414 So.2d 666 (La.1982). Although the trial court is required by article 894.1 to state those factors he considered in imposing sentence, a sentence imposed without the assignment of reasons will not be automatically set aside on appeal, but will be set aside for resentencing only if the record is inadequate or if the record clearly indicates the sentence is excessive. State v. Wimberly, supra. Therefore, in accordance with our well settled jurisprudence, absolute compliance with LSA-C.Cr.P. art. 894.1 is not essential to the legality of a sentence.
Defendant contends that certain considerations listed in article 894.1, which mitigate against a sentence of imprisonment, exist in her case. Defendant reasons that the trial court should have considered the following relevant facts: (1) the victim of the defendant's criminal conduct induced and facilitated its commission; (2) the defendant has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the instant crime; (3) the defendant's criminal conduct was the result of circumstances unlikely to recur; (4) the character and attitude of the defendant indicate that she is unlikely to commit another crime; (5) the defendant is particularly likely to respond to probationary treatment; and, (6) the imprisonment of the defendant entails excessive hardship to herself and to her husband and daughter.
We attach hereto as Appendix A and B the statements of the trial court at sentencing.
The statements contained in Appendix A and B convince this court that the trial court considered both the aggravating and the mitigating factors of LSA-C.Cr.P. art. 894.1 in imposing sentence.

Excessive Sentence
Article 1, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment. Even though a sentence is within the statutory guidelines, it may violate defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
Defendant contends that the "harshness of a two year jail term for this 27 year old first offender, who is also a wife and mother, is apparent."
Defendant could have received the maximum penalty of ten (10) years imprisonment at hard labor and a $15,000 fine. The trial court, however, in considering the particular facts of this case and the individual characteristics of this defendant, did not impose a sentence of imprisonment at hard *1271 labor. Instead, defendant was placed on active supervised probation subject to various special conditions, including confinement in the parish jail for a period of two years.
From a review of the record, we cannot say that the trial court abused its broad discretion in imposing sentence or that the sentence imposed is excessive.
For the above reasons, we affirm the sentence.
AFFIRMED.
 APPENDIX A
 STATE OF LOUISIANA ) 17TH JUDICIAL DISTRICT COURT
 VERSUS NUMBER 129626 ) PARISH OF LAFOURCHE
 MARY DANOS ) STATE OF LOUISIANA
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 Transcript of the Sentencing held in the above numbered and
 entitled matter on the 28th day of March, 1983, at Thibodaux,
 Louisiana, before Honorable Wollen J. Falgout, the presiding judge.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 APPEARANCES:
 MR. STEPHEN E. CAILLOUET ) Representing the State.
 MR. HERBERT O'NIELL ) Representing the Defendant.
 MARY DANOS ) The Defendant.
 -------------------------------------------------------------------------
THE COURT:
Mary Danos, step forward please. Mary, I've known your daddy since we played marbles in high school together and if somebody would have told me then that one day I would have his daughter before me to sentence on a drug charge I would have told them they were crazy because I knew his family well, I knew his mother and father well and he was always tough, but honest and law abiding. The report that I got on you is that you had some trouble, you saw Dr. Boulet with a complaint of pain and he gave you placidyl for your pain, but that when the pain subsided that you continued getting placidyl from Dr. Boulet and you sold the placidyl to some of your friends. You have some good recommendations from some of your family and some of your friends, but from the people who work with narcotics they claim that you bought quite a quantity of drugs from Dr. Boulet who is not worth the salt of this earth and I understand he pled guilty and I hope they put his butt away pretty quick. But he uses people like you to make a living. I searched, searched and searched to justify not putting you in jail, but the law says that we must treat everybody equally and actually you're charged with one of the most serious crimes in the bunch which is distribution of placidyl. And the penalty for that is also ten years in the Penitentiary and a $15,000.00 fine. I don't know what we can do as public officials to make you all realize that crime does not pay and as you probably realize I think that you were hooked by a friend or someone you thought was a friend. So that should teach you a lesson that you can't trust anybody when it comes to money and to drugs. But you're old and ugly enough to know that it was wrong and I think you admit in your statement that it was wrong and that you're not going to do it again. Actually I feel more sorry for your child and your mother and father than I do for you and I don't know your in-law's that well. But you've committed a crime and as Red Foxx would say, "if you commit the crime you've got to be man or woman enough to serve the time". So it's the sentence of the Court that you suffer *1272 imprisonment with the Department of Corrections for a period of ten years. Sentence will be suspended and she'll be placed on probation, active supervisory probation for a period of five years. Special condition of probation is that you report to the probation officer within twenty-four hours after sentencing, serve two years in the Parish Jail, order the Sheriff to transport you to Substance Abuse Clinic for evaluation and treatment and you're to pay a fine of $3,500.00 and cost payable in monthly installments of $100.00 starting one month after you are released.
MR. O'NIELL:
Let the record note that we object to the sentence, Your Honor.

CERTIFICATE
STATE OF LOUISIANA PARISH OF LAFOURCHE
I, Renee L. Carriere, Official Court Reporter in and for the 17th Judicial District Court, Louisiana, do hereby certify that the foregoing three (3) pages of typewritten matter constitute a true and accurate transcription of the proceedings taken by me entitled, State of Louisiana Versus Number 129626 Mary Danos, on March 28, 1983.
In Faith Whereof, witness my signature this 9th day of May, 1983.
 /s/ Reneée L. Carriere
 OFFICIAL COURT REPORTER
 APPENDIX B
 State of Louisiana #129626
 vs.
 Mary Danos
 STATE OF LOUISIANA ) 17TH JUDICIAL DISTRICT COURT
 VERSUS NUMBER 129630 ) PARISH OF LAFOURCHE
 EARL FAYETTE ) STATE OF LOUISIANA
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 Transcript of the Sentencing held in the above numbered and
 entitled matter on the 28th day of March, 1983, at Thibodaux,
 Louisiana, before Honorable Wollen J. Falgout, the presiding judge.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 APPEARANCES:
 MR. STEPHEN CAILLOUET ) Representing the State.
 MR. LARRY P. BOUDREAUX ) Representing the Defendant.
 EARL FAYETTE ) The Defendant.
 -----------------------------------------------------------------------------
THE COURT:
Earl Fayette, step forward. Well let me bring all of these up together. Russell Richoux, Mary Danos, Smith Blanchard, Phillip Percle, Tanya Percle, Donnie Danos. I looked across the room and I see many people that I know and I'm sure they're the parents of most of the people who are standing here in front of me. And it's been my experience since I'm on the bench that on these drugs charges that the people that are really hurt are not the people who deal in drugs, but the people or the parents of the young people who have seen fit to take an easy way out, if you will. I don't mind saying that my initial reaction to the drug bust and the information that I was able to gather from the investigation reports was to sentence all of you to the Penitentiary because all of you are smart enough to know and have enough education to know that what you did was a violation of State law. And basically the *1273 penalty on each of these charges are the same, $15,000.00 fine and ten years in the State Penitentiary. So when you see drugs and you fool with drugs you're fooling with dynamite. I once made the statement that I would rather see a load of Columbians exit a vessel with machine guns and rifles and so forth and to kill a few people than to outload fifteen or twenty tons of marijuana because if they kill fifteen or twenty people it would be a grave injustice and a grave crime, but they would damage many, many less than what could be done with twenty tons of marijuana or thousands of pills, quaaludes, placidyl and so forth and so on. I really don't believe that our young people have yet gotten to the grasp of the fact that drugs are killing us. They're destroying our young people. Each and every case indicated in the reports that it was done as a matter of course. Only one of the defendants tried to hide the fact that he, himself, was selling drugs. He took the confidential informer on a ride to supposedly a friend who had the drug and he wouldn't sell it in front of the agent and then sold it to the confidential informer and the confidential informer advised the agent that he would sell him the drugs. The sentences will not be uniform because I do not think that the criminal intent was uniform. But all of the sentences will be uniform in that I will give you the maximum Penitentiary sentence and I will suspend the Penitentiary sentence and place you on probation for a long period of time, in effect making you the judge of your destiny. I sincerely believe that all of you if you wish to change your ways of life, can lead a very productive life. I also know that if you do not apply with the conditions of probation that it is useless for you or your parents or your lawyer to come back and talk to me because I will make you serve the Penitentiary sentence. So although I will give you a break today because most of you are first offenders I want you to understand that you will be the judge of your own destiny. Mr. Earl Fayette, would you step up please
MR. BOUDREAUX:
Your Honor, excuse me for interrupting, but I have a motion on behalf of Mr. Richoux to continue the sentence in this matter. That pursuant to State Versus Bosworth 
THE COURT:
Denied.
MR. BOUDREAUX:
I'd like to complete my offer, Your Honor. He's entitled to a copy of the presentence investigation for the purpose of traversing any misinformation.
THE COURT:
Denied as being untimely filed.
BY THE COURT: (DIRECTED TO MR. FAYETTE)
Q. Mr. Fayette, you're a relatively young man and I don't know you, but your attitude didn't change even to the point of when the probation officer interviewed you. Your statement to him was that you didn't want to make a statement. I also see that on 11/16/81, you were charged with hit and run driving in Houma, Louisiana. Your attitude is not good. The report from the probation officer indicates that you were a known drug dealer in your area and the recommendations were that you be incarcerated. As previously stated you could be incarcerated in the State Penitentiary up to ten years. It would ruin you for life and there's no doubt in my mind about that. But I want you to realize the seriousness of you selling drugs to our children and if you ever sell drugs to anybody else I want you to know you're going to serve those ten years. Do you understand that, sir?
A. Yes, sir.
THE COURT:
So it's the sentence of the Court that he suffer imprisonment with the Department of Corrections for a period of ten *1274 years. I will suspend the Penitentiary sentence and place him on probation for a period of five years, active supervisory probation. Special condition of probation is that he reports to the probation officer within twenty-four hours, that he suffer imprisonment in the Parish Jail for a period of two years, that he pay a fine of $3,500.00, upon being released from prison at the rate of $100.00 per month. The first payment will be due one month from the date he is released from jail and monthly thereafter until the fine is paid. That while he is in prison and subsequent to his release, that he be evaluated by Substance Abuse and receive whatever treatment they recommend for him and complete that treatment. And last, but not least, that he reimburse the Sheriff's Office whatever money was expended from buying drugs from him.

CERTIFICATE
STATE OF LOUISIANA PARISH OF LAFOURCHE
I, Renee L. Carriere, Official Court Reporter in and for the 17th Judicial District Court, Louisiana, do hereby certify that the foregoing five (5) pages of typewritten matter constitute a true and accurate transcription of the proceedings taken by me entitled, State of Louisiana Versus Number 129360 Earl Fayette, on the 28th day of March, 1983, at Thibodaux, Louisiana.
In Faith Whereof, witness my signature this 27th day of May, 1983.
 /s/ Renée Carriere
 OFFICIAL COURT REPORTER
PONDER, Judge, dissenting:
I dissent because I do not believe that the trial judge has followed the guidelines of La.C.Cr.P. 894.1. The record indicates that he assigned the exact same sentence to the defendant, a young mother and first offender, and to a man who had a record of a hit and run, who was stated to be a known dealer in drugs and whose attitude was critized. The possibility of an excessive sentence is raised by the record, but a clear finding is made impossible by the record's inadequacy. I would remand for sentencing.