COLE, Judge.
The issues presented in this appeal are whether defendant is entitled to a new trial and whether the sentence imposed upon him is excessive.
Defendant, Michael Peterson, was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. Following waiver of a trial by jury, defendant was found guilty as charged by the trial court and sentenced to seven years at hard labor, with credit for time served. In the present appeal from his conviction and sentence defendant argues two assignments of error.
The facts surrounding defendant’s conviction are as follows. At approximately 10:00 P.M. on July 29, 1982, Wendall Brax-ton and his wife retired for the evening. Their son was asleep in the bedroom across the hall. At approximately 4:00 A.M. the sound of a squeaking door awakened Brax-ton, who saw a man standing in his bedroom door. He called out his son’s name but received no answer. The intruder then turned and ran through the house. Brax-ton pursued him out of the house and into the yard. When the intruder fell in the neighboring yard, a street light illuminated his face and Braxton recognized defendant. Defendant lived in the same neighborhood and had visited the Braxton home on sever *468 al occasions. Braxton called out defendant’s name, but the intruder fled the scene. Braxton returned to his house and reported the incident to the police.
The intruder had gained entry into the house through an unlocked utility room door and then pried open the kitchen door, which led into the main part of the house. Braxton testified nothing was missing from the house. However, he had not authorized the entry.[1] Defendant was arrested on the basis of Braxton’s statement.
In his first assignment of error, defendant contends the trial court erred in denying his motion for new trial. He contends he is entitled to a new trial on two separate grounds. First, he argues the existence of newly discovered evidence. Second, he maintains the interests of justice require a new trial because his alibi witnesses were not informed of his trial date.
A trial court is not required to grant a motion for new trial when no injustice is shown to have been suffered by defendant. La.Code Crim.P. art. 851. Further, a trial court’s denial of a motion for new trial will not be disturbed absent a clear abuse of discretion. State v. Buchanan, 439 So.2d 576, 588 (La.App. 1st Cir.1983). The test for determining whether a motion for new trial based on newly discovered evidence should be granted, is whether the new evidence is so material that it ought to produce a different result from the verdict rendered at trial. La.Code Crim.P. art. 851(3); Buchanan, at p. 583.
The newly discovered evidence relied upon by defendant as the basis for a new trial is the presence in his neighborhood of a youth who allegedly resembles him closely in appearance. Defendant argues the victim’s identification of him was vague and untrustworthy and this other youth may have been the actual burglar. He maintains his attorney was unaware of the existence of this youth at the time of trial. ■
We find defendant has failed to show any abuse of discretion in the denial of his motion for new trial on the basis of newly discovered evidence. Defendant presented no facts in support of his contention, other than the houses in the neighborhood are similarly designed, thus affording this other youth familiarity with the layout of the victim’s home. Of course, defendant himself also resided in the same neighborhood and had, in fact, been inside the victim’s home on several occasions. Also, there was no evidence presented, other than defendant’s self-serving contention, to show the existence or extent of the alleged resemblance between defendant and the other youth. Additionally, defendant was identified unequivocally by the victim, who knew him personally prior to the burglary. This identification was neither vague nor untrustworthy. The victim never lost sight of the intruder from the time he first saw him in the bedroom door until he recognized him under the street light. For these reasons, we find defendant has not established the existence of any newly discovered evidence which should have materially affected the verdict rendered at trial.
Defendant also argues he should have been granted a new trial in the interest of justice under La.Code Crim.P. art. 851(5), inasmuch as his alibi witnesses were not present at trial to testify in his behalf. Defendant testified he was at his parents' house at the time of the burglary. However, he presented no alibi witnesses at trial. The record shows defendant’s witnesses were not present for two reasons. First, defendant did not subpoena these witnesses, who were his mother and brother. Second, he misinformed his witnesses as to the date of his trial.
At the hearing on the motion for new trial, it was stipulated defendant’s mother would have testified he was present at her home when she retired for the evening and he would have needed a key to leave the house. There are deadbolt locks on the doors and bars on the windows of the *469 house which require a key to open. However, there was nothing presented at this hearing to negate the possibility defendant may have possessed his own key to these locks or had access to his mother’s key.
Additionally, it is the responsibility of a defendant to ensure the attendance of his witnesses by requesting the issuance of subpoenas. See State v. Latin, 412 So.2d 1357, 1361 (La.1982); State v. Lee, 446 So.2d 334, 342 (La.App. 4th Cir.1984). A trial court is required to issue subpoenas for the compulsory attendance of witnesses when so requested by the defendant. La. Code Crim.P. art. 731. However, defendant did not request any subpoenas in the present case. Thus, his witnesses were not present to testify by virtue of his own inaction. Further, defendant did not request a recess at trial so that an effort to locate his witnesses could be made and he did not object to trial proceeding in their absence. For these reasons, we find no error in the trial court’s conclusion that the ends of justice do not require a new trial in the present case. This assignment of error lacks merit.
In assignment of error number two, defendant argues the trial court imposed an excessive sentence upon him. He maintains the trial court failed to comply with La.Code Crim.P. art. 894.1, in particular for failing to give due consideration to the fact defendant’s conduct neither caused nor threatened to cause serious harm, a factor listed in La.Code Crim.P. art. 894.1 B(1).
A trial court is given wide discretion in the imposition of sentences within statutory limits and a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983). La.Code Crim.P. art. 894.1 establishes guidelines for a trial court to consider in imposing sentence. This provision also requires the trial court to state for the record the factors considered by it in imposing sentence. However, a sentence will not be set aside for failure of the trial court to articulate these factors unless the record is inadequate or clearly indicates the sentence is excessive. State v. Danos, 444 So.2d 1269 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1235 (La.1984).
Defendant was exposed to a maximum penalty of twelve years imprisonment and a fine of $2,000 under La.R.S. 14:62. He received an actual sentence of seven years imprisonment. This sentence was well within statutory limits.
In imposing sentence the trial court noted this was defendant’s second felony conviction. In addition, defendant had five prior felony arrests. The court also pointed out defendant entered a private residence in the commission of this offense. We disagree with defendant’s position that this conduct did not threaten serious harm. However, in mitigation, the court specifically noted no one was injured during the commission of this particular offense.
Upon review of the record, we find the trial court adequately considered the factors enumerated in La.Code Crim.P. art. 894.1. Further, the sentence imposed was neither grossly disproportionate to the crime nor a needless imposition of pain and suffering and thus was not excessive. State v. Benton, 453 So.2d 993, 998 (La.App. 1st Cir.1984), writ denied, 457 So.2d 17 (La.1984). This assignment of error lacks merit.
For the above reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Simple burglary is the unauthorized entry of any dwelling or other enumerated structure with the intent to commit a felony or theft therein. La.R.S. 14:62.