521 So.2d 629 (1988)
STATE of Louisiana
v.
Johnnie WILLIAMS.
No. KA 87 1118.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
Bryan Bush, Dist. Atty., Baton Rouge by Sue Bernie, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
*630 Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Johnnie Williams was convicted of attempted first degree murder of a peace officer, a violation of LSA-R.S. 14:27 and 30(A)(2). The trial judge sentenced him to twenty-five years at hard labor.[1] The defendant has appealed, alleging five assignments of error. Assignment of error number three was not briefed on appeal and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
At approximately 1:00 A.M. on December 16, 1985, the defendant, Alex Keller, Derrick Foster, and another individual nicknamed "Pretty Mike" stole a Buick Regal. Baton Rouge Police Officer Larry Hayes became suspicious when the defendant and the other occupants of the vehicle ducked when they saw his police car. The driver of the Regal, Alex Keller, rapidly accelerated when he observed Officer Hayes make a U-turn and start to follow them. After a short chase, the Regal stopped on Anna Street and the occupants fled. Officer Hayes circled the block and waited for them to come out from between the houses on the next street, Weller Avenue. Officer Hayes spotted the defendant in the middle of Weller Avenue and started to chase him when Williams turned and fired three shots. Officer Hayes fell to the street and was not hit, but the second shot struck and killed Officer Hayes' police dog, K-9 Max.
The defendant was arrested at his home the next day when police officers questioning Alex Keller learned that the defendant was involved in the car theft. Shortly after his arrest, the defendant made two statements to the arresting officers that he had been in the stolen vehicle and had shot the police dog. He did not complain of being bitten by K-9 Max at any time. At the trial, the defendant testified that he shot the police dog when it attacked him and bit his leg as he was hiding behind a house on Weller Avenue. The defendant admitted that he fired a total of three shots, once at the police dog and twice as he ran down Weller Avenue. However, he testified that he fired the gun because he was scared and that he had not seen anyone behind him when he fired those two shots.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that the trial court erred in denying his motion to suppress the two statements which he made after his arrest. Specifically, the defendant argues in brief that he thought he was being arrested for shooting the police dog, not attempted first degree murder of a police officer. He asserts that his two statements "were intended to be associated only with the shooting of the dog." Therefore, he argues that his statements were not given freely and voluntarily because he had no intent to make a statement concerning the charge of attempted first degree murder.
A confession or inculpatory statement cannot be introduced into evidence until the state bears its heavy burden of proving affirmatively and beyond a reasonable doubt that it was made freely and voluntarily and not under the influence of fear, duress, intimidation, menace, threats, inducements, or promises. LSA-C.Cr.P. art. 703; LSA-R.S. 15:451; State v. Thomas, 461 So.2d 1253 (La.App. 1st Cir.1984), cert. denied, 464 So.2d 1375 (La.1985).
At the hearing on the motion to suppress, the police officers present when the defendant made these two statements testified that he was advised of his Miranda rights before making these statements. They testified that the defendant waived his constitutional rights and made these statements freely, without being coerced in any manner. The defendant does not argue that the arresting officers failed to advise him of his constitutional rights or that he made these statements under duress. Instead, he contends that he did not understand that he was being interrogated on the charge of attempted first degree *631 murder. State Exhibit 3, which is a waiver of rights form signed by the defendant, clearly states that the defendant was arrested for attempted first degree murder. Furthermore, "[i]n proving an intelligent waiver of the rights to silence, self-incrimination, and counsel, the state need not show that defendant was aware of the full evidentiary significance of his statements." See State v. Mitchell, 421 So.2d 851, 852 (La.1982). Moreover, as the United States Supreme Court recently noted, a suspect's awareness of all of the crimes about which he could be questioned is not relevant to determining the validity of a decision to waive the Fifth Amendment privilege against selfincrimination. Thus, failure to inform a defendant of the subject matter of an interrogation could not have affected his decision to waive the privilege. See Colorado v. Spring, 479 U.S. 564, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987).
We find the state proved that the defendant made these statements freely and voluntarily after waiving his Miranda rights. Therefore, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NUMBERS TWO AND FIVE
In assignment of error number two, the defendant contends that the trial court erred in denying his motion for a directed verdict made after the close of the state's evidence. The relief which the defendant sought at this point in the trial is properly characterized as a motion for a judgment of acquittal, as provided in LSA-C.Cr.P. art. 778.[2] The trial court granted the motion with respect to one of the responsive verdicts, aggravated battery, but denied it with respect to the remaining responsive verdicts.
In assignment of error number five, the defendant contends that the trial court erred in denying his motion for a judgment of acquittal, or in the alternative, a new trial. This motion, made after the trial, obviously refers to a motion for post-verdict judgment of acquittal, as provided in LSA-C.Cr.P. art. 821.[3] The defendant requested this relief because he argued that the evidence was insufficient to prove that he intended to kill or inflict great bodily harm upon Officer Hayes. In the alternative, he requested a new trial on the basis of the newly discovered evidence which he introduced at the hearing on this motion.
The applicable standard for reviewing the sufficiency of evidence is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. LSA-C.Cr.P. art. 821; See State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
When the defendant's motion for a judgment of acquittal is overruled at the *632 close of the state's case, on review the appellate court may consider, in determining whether there is evidence of guilt, not only evidence before the court at the time of the motion but the entire admissible evidence contained in the record of the trial. State v. Ohrberg, 448 So.2d 1316, 1321 (La.App. 1st Cir.1984).
LSA-R.S. 14:30(A)(2) provides, in pertinent part:
A. First degree murder is the killing of a human being:
(2) When the offender has a specific intent to kill or to inflict great bodily harm upon a fireman or peace officer engaged in the performance of his lawful duties.
In requesting a post-verdict judgment of acquittal, the defendant was relying on his trial testimony in arguing that the evidence was insufficient to support his conviction. The defendant testified that he shot and killed K-9 Max because the dog had attacked him. While he also admitted that he fired two other shots as he fled down Weller Avenue, he testified that he did not see Officer Hayes behind him when he fired them.
The trial court found the defendant guilty of attempted first degree murder of Officer Hayes. As the trier of fact, the trial court obviously determined that Officer Hayes was a credible witness and accepted his testimony that the defendant shot at him, while rejecting the defendant's testimony on this point. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Furthermore, when there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Marshall, 479 So.2d 598, 603 (La.App. 1st Cir.1985). After a careful review of the record, we believe that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the state proved beyond a reasonable doubt that the defendant was guilty of attempted first degree murder of a peace officer. Therefore, the trial court correctly denied the defendant's motion for a judgment of acquittal and motion for post-verdict judgment of acquittal.
The defendant's motion for new trial raised the issue of the effect of newly discovered evidence. The test for determining whether a motion for new trial based on newly discovered evidence should be granted is whether or not the evidence is so material that it ought to produce a different result from the verdict rendered at trial. LSA-C.Cr.P. art. 851 (3); State v. Peterson, 464 So.2d 466, 468 (La.App. 1st Cir.1985). Furthermore, the trial court's decision on a motion for new trial will not be disturbed absent a clear abuse of discretion. State v. Buchanan, 439 So.2d 576, 583 (La.App. 1st Cir.1983).
At the hearing on the defendant's motion for new trial, the defense introduced the testimony of Mr. and Mrs. Nathan Brown, who reside at 3275 Weller Avenue. They testified that, on the night of December 16, 1985, they were awakened by a noise in their backyard. They heard the sound of several gunshots and shortly thereafter, they observed K-9 Max lying dead in the street. They testified that the next day they saw a trail of blood which seemed to originate in their backyard and ended where K-9 Max died. The defense argues that this testimony supports the defendant's claim that he shot the police dog in the back of the house, rather than in the street, as Officer Hayes testified.
The trial court stated that it did not "give much weight" to the defendant's trial testimony and concluded that this new evidence would not have changed the court's mind. We agree. This new testimony does not change the fact that the defendant admitted firing two shots as he fled down Weller Avenue. Officer Hayes testified that the defendant fired at him and that he fell to the street to avoid being hit. Under the circumstances, we find no abuse of discretion in the trial court's denial of this motion for new trial. These assignments of error are without merit.

*633 ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La. 1984). In light of the criteria expressed by article 894.1, a review of the individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Lewis, 489 So.2d 1055, 1061 (La.App. 1st Cir.), cert. denied, 493 So.2d 1218 (La.1986).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the trial court has wide discretion in the imposition of sentences, and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La. App. 1st Cir.1984).
Reviewing the article 894.1 guidelines, the sentencing record reflects that the trial court found many aggravating circumstances. Although the presentence investigation revealed that the defendant was a first felony offender, the trial court noted that, as a juvenile, the defendant had been arrested for burglary, felony theft, and two counts of trespassing. The trial court also noted that the defendant had been placed on probation until age twenty-one, but this probation was subsequently violated and recalled. The trial court further noted that, as an adult, the defendant had been arrested for unauthorized use of a movable approximately six months before committing the instant offense. The trial court stated that there was a risk that the defendant would commit further crimes if placed on probation and concluded that the defendant was in need of incarceration. Finally, the trial court concluded that a lesser sentence would deprecate the seriousness of the offense. We find that the trial court satisfied the criteria set forth in LSA-C.Cr. P. art. 894.1.
For his conviction of attempted first degree murder of a peace officer, the defendant was exposed to a maximum sentence of fifty years at hard labor. See LSA-R.S. 14:27 and 30(A)(2). He received a sentence of twenty-five years at hard labor for this conviction. In his brief, the defendant argues that the sentence imposed was excessive because the trial court failed to take into consideration his youthful age and the fact that he had not been in serious trouble before committing the instant offense. The defendant also argues in brief that he did not contemplate that his actions would cause or threaten serious harm. On the contrary, the sentencing record reflects that the trial court was aware of the defendant's age and specifically considered the defendant's prior criminal activities. Furthermore, considering the role played by law enforcement officials in society, the trial court stated that it considered this to be "a very, very serious offense." Considering the circumstances of this offense and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentence imposed. This assignment of error is without merit.

PATENT SENTENCING ERROR
Although not listed as a formal assignment of error, the defendant noted in brief that the trial court committed patent sentencing error when it sentenced him immediately after denying his motion for new trial. The record of sentencing does not indicate that the defendant waived this delay.
LSA-C.Cr.P. art. 873 provides:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion *634 is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
However, the defendant does not argue or in any way show that he was actually prejudiced by the failure of the trial court to observe the waiting period required by LSA-C.Cr.P. art. 873. Therefore, the trial court's failure to observe this sentencing delay was harmless error. State v. Marshall, 479 So.2d 598 (La.App. 1st Cir.1985); State v. Mason, 447 So.2d 1134 (La.App. 1st Cir.1984).
Accordingly, for the above reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant waived his right to trial by jury.
[2] LSA-C.Cr.P. art. 778 provides, in pertinent part:

In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
[3] LSA-C.Cr.P. art. 821 provides:

A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
D. If a post verdict judgment of acquittal is granted or if a verdict is modified, the state may seek review by invoking the supervisory jurisdiction of or by appealing to the appropriate appellate court.
E. If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.