388 So.2d 656 (1980)
STATE of Louisiana
v.
Joseph N. MARCAL, III.
No. 64318.
Supreme Court of Louisiana.
January 28, 1980.
On Rehearing June 23, 1980.
*658 F. Irvin Dymond, Dymond, Crull, Castaing, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
BLANCHE, Justice.
The defendant was convicted after a bench trial of two counts of public bribery in violation of La.R.S. 14:118. He was sentenced to one year at hard labor on each count, the sentences to run concurrently. The first count of the indictment alleged that on or about March 20, 1975, the defendant paid Mrs. Dorothy Boyd, an Orleans Parish Deputy Clerk of Court, two hundred dollars in cash to assign one of his cases to a particular section of Criminal District Court. The second count alleged that the identical offense took place on May 16, 1975 and that the defendant gave Mrs. Boyd a check for two hundred dollars.
Mrs. Boyd testified, under a grant of immunity, that she had assigned the cases as Mr. Marcal requested and that he had paid her for these services. Her testimony was corroborated by other state witnesses. The defendant's former secretary, Mrs. Beatty, testified that on the day of the first allotment, the defendant had taken two hundred dollars from his law office. Later, she claimed he told her that he had used the money to bribe Mrs. Boyd. On May 16, 1975, the defendant asked Mrs. Beatty to stay late to give an envelope to Mrs. Boyd. Mrs. Beatty testified that she had opened the envelope and found a two hundred dollar check payable to Mrs. Boyd on Mr. Marcal's Attorney-at-Law account. She further testified that she gave the envelope to Mrs. Boyd. Mr. Mitchell, an attorney who had rented office space from the defendant, testified that the defendant often boasted that he could have cases assigned to a particular section and that he had witnessed the May 16 transfer of the check.
The defendant argued both alibi and the lack of credibility of the witnesses. Both Mrs. Beatty and Mr. Mitchell admitted to having financial disputes with the defendant. *659 Further, the state failed to produce the check or any records from the banks which would verify its existence. On appeal, the defendant has urged fifteen assignments of error.

Assignment of Error Number 2
The defendant urges that the trial court erred in failing to require the state to disclose the content of oral inculpatory statements. The defendant had requested in a bill of particulars the details and content of any oral inculpatory statements. The state responded that the defendant had made numerous oral inculpatory statements to certain named persons but that he was not entitled to the contents. The court ruled this answer sufficient. The defendant concedes that he has no statutory right to these statements but maintains that he is entitled to the contents of oral statements which were part of the res gestae. He argues that since the offenses charged have substantial elements which are both physical and verbal, that he is entitled to these statements because of his right to "be informed of the nature and cause of the accusation against him." La.Const. Art. 1, § 13 (1974). The law is well settled that this constitutional provision requires the state to inform the defendant in sufficient particularity so that he is able to prepare for trial, to allow the court to determine the admissibility of the evidence and to afford the defendant protection from subsequent prosecution for the same offense. State v. Meunier, 354 So.2d 535 (La.1978); State v. Thomas, 260 La. 784, 257 So.2d 406 (1972). The bill of particulars is not intended to be a discovery device whereby a defendant may discover the state's evidence or the details of the state's case. State v. May, 339 So.2d 764 (La.1976). We view this as an attempt by the defendant to use the bill of particulars so as to discover the evidence whereby the state intends to prove its case. The trial court properly denied the defendant's motion.

Assignment of Error Number 3
By this assignment of error, the defendant urges that the trial court erred in denying his motion to recuse the district attorney and his staff. The defendant requested recusal of the district attorney under La.C. Cr.P. art. 680 which provides in pertinent part:
"A district attorney shall be recused when he: (1) Has a personal interest in the cause which is in conflict with fair and impartial administration of justice;..."
"In support of this motion, the defendant alleged that the district attorney had borne a personal grudge against him since the defendant had requested his recusal in State v. Villarubia. The defendant alleges that the proceedings in that case degenerated to the point where he accused the district attorney's wife, Anita Connick, of perjury and attempted to have her prosecuted on that charge. The district attorney testified at the hearing on the motion that although he remembered the charges levelled at his wife, his memory was vague since at the time, he felt that they lacked substance. None of the other witnesses called could contradict Mr. Connick's assertion that vengeance did not play a part in the prosecution.
In an action to recuse the district attorney, the defendant bears the burden of showing by a preponderance of the evidence that the district attorney has a personal interest in conflict with the fair and impartial administration of justice. State v. Snyder, 256 La. 601, 237 So.2d 392 (La.1970). In Snyder, this Court held that the district attorney should be recused where there had been personal animosity between the district attorney and the defendant, even if the district attorney claims that those feelings no longer exist.
This case is distinguishable from Snyder. In the instant case, the trial court concluded that no animosity existed, or had existed, between the two. In his reasons for denying the motion, the trial judge noted that the defendant had been given an opportunity to cooperate with the district attorney's office and to receive some consideration for his cooperation, which would negate an abiding personal vendetta on the *660 part of the district attorney's office. Based on this and other reasons, the judge concluded that there was no animosity on the part of the district attorney. There is nothing in the record showing any personal or political confrontations between Mr. Connick and the defendant. We can not conclude that the trial court's ruling on the Motion to Recuse was erroneous; therefore, this assignment is without merit.

Assignments of Error Numbers 5 and 16
The defendant filed a supplemental motion to quash the indictment. The motion alleged that the prosecution was merely a product of the district attorney's hatred for him and that the indictment was the result of untrustworthy grand jury testimony. The trial court properly denied the motion. The motion is essentially an attack on the credibility of the state's witnesses and thus requests that the trial court rule on the merits of the case. An attack on the merits of the state's case is not properly raised by a motion to quash. State v. Marse, 365 So.2d 1319 (La.1978); State v. Atkins, 360 So.2d 1341 (La.1978).

Assignments of Error Numbers 6, 7 and 11
By these assignments, the defendant maintains that the court improperly restricted the defense's cross-examination of the state's witnesses.
In assignment number six, the defendant claims that he should have been allowed to ask Mrs. Beatty if she had ever dealt in narcotics.
In assignment number seven, the defendant maintains that he should have been allowed to ask Mrs. Beatty if she and Mr. Mitchell had engaged in sexual relations.
In assignment number eleven, the defendant argues that he should have been allowed to question Mrs. Boyd as to possible threats of revoking her probation by the assistant district attorney.
Code of Criminal Procedure art. 841 requires a contemporaneous objection at the time of the alleged error or irregularity. In all three of the above instances, the defense failed to object to the court's ruling sustaining the objection by the district attorney. He thus waived his right to complain of any error in the ruling.

Assignment of Error Number 8
This assignment involves testimony by Henry Mitchell. While on the stand earlier, Susan Beatty had testified that she was upset when the defendant told her he had spent $200 to bribe Mrs. Boyd and she had asked the defendant not to risk his career for such a small advantage. During cross-examination, although the defendant attacked the credibility of Mrs. Beatty, he did not question her as to the alleged conversation. When Mr. Mitchell took the stand, the district attorney asked if he had had any conversations with Mrs. Beatty. The court overruled the defendant's objection of hearsay and relied upon R.S. 15:496. The trial court erred. La.R.S. 15:496 does not create an exception to the hearsay rule, but rather details the requisite foundation for allowing the introduction of a prior consistent statement the fact of which is offered as corroboration. La.R.S. 15:496 requires that the testimony of a witness has been assailed as to a particular before a prior inconsistent statement can be introduced. This Court has consistently applied R.S. 15:496 in such a manner as to require an assault on a particular facet of a witness' testimony, rather than an assault on the witness' general credibility. State v. Nero, 319 So.2d 303 (La.1975). In the present case, the defense had made only general attacks on Mrs. Beatty's credibility. Therefore, the question was not properly permitted. However, since this error was not a substantial violation of any constitutional or statutory right nor was it prejudicial to the defendant, we find that it was harmless error. C.Cr.P. art. 921; State v. Hopper, 253 La. 439, 218 So.2d 551 (La. 1969).

Assignment of Error Number 17
The defendant alleges that the court improperly allowed hearsay testimony by Mr. Hallum. Since the defendant failed *661 to object to the testimony, he waived his rights pursuant to C.Cr.P. art. 841.

Assignment of Error Number 10
The defendant in this assignment contends that the trial court erred in allowing Mrs. Boyd to testify as to her "normal" procedure in fixing cases since it was irrelevant. Since the witness did testify as to the specific procedure she used in allotting the defendant's cases, any error committed was harmless. C.Cr.P. art. 921.

Assignments of Error Numbers 12, 13 and 20
By these assignments, defendant contends that the court improperly admitted other-crimes evidence and allowed the state to argue such evidence in its closing argument.
On cross-examination of Susan Beatty and Henry Mitchell, defense counsel attempted to establish their bias with questions designed to show that the witnesses had broken their relationship with the defendant without ever having paid the rent they owed. When defendant took the stand, the prosecutor attempted to counter these suggestions. The defendant testified that Mrs. Beatty and Mr. Mitchell were obligated to him under oral leases. The prosecutor inquired if the leases had ever been reduced to writing, and defendant answered that they had. At this point, the state inquired whether the leases had been executed in order to obtain a higher appraisal from the Central Appraisal Board (CAB). The defendant answered that the leases had been executed as a prerequisite to applying for a loan from a homestead. The defense then objected to the relevancy of the questions, but the court overruled the objection. The defendant steadfastly refused to admit that the leases were designed to secure a higher appraisal, but later, in response to a question from the bench, admitted that the CAB appraisal was a necessary step in securing the loan.
The trial court has broad discretion in regulating the scope of questioning; absent an abuse of that discretion a conviction will not be reversed. State v. Lindsey, 351 So.2d 1178 (La.1977); State v. Williams, 341 So.2d 370 (La.1976). As the defendant had alleged that the state witnesses were biased in that they were attempting to avoid paying their debts, the prosecutor could properly inquire into the origin of those debts. Insofar as the defendant's claim that the prosecution was improperly introducing evidence of other crimes, no such objection was made at trial. It is well-settled that a new basis for objection cannot be raised for the first time on appeal. State v. Marks, 337 So.2d 1177 (La. 1976); State v. Powell, 325 So.2d 791 (La. 1975).
During closing argument defendant noted an objection to what he termed a further reference to other crimes:
"... [w]hile Dorothy Boyd's testimony was somewhat hazy to specific times and dates, it certainly rings true and there is no doubt she remembers this defendant. The further proof of that is that when she was charged, Mr. Marcal volunteered and represented her free of charge. Also, that the defendant gave her a seventy-five dollar check, by his testimony, in November or December of 1975. Now, everyone has testified that the defendant was on very shaky financial grounds; that he didn't have a lot of money to throw around; that he was going to beg, borrow or steal or do whatever he could to get money. He wasn't going to banks or anywheres else___"
Defense counsel objected at this point, but the objection was overruled. Taken in context, the expression "beg, borrow or steal" does not refer to any other crimes allegedly committed by the defendant. The expression refers to the financial straits in which the defendant found himself, and the unlikelihood that he would have loaned Mrs. Boyd the money and performed services for her gratis. For these reasons, these assignments are without merit.

Assignment of Error Number 22
The defendant contends that the trial court erred in denying his motion for a new *662 trial, made on the grounds that the verdict was contrary to the law and evidence.
On appeal, this Court's jurisdiction is limited to questions of law; therefore, if there is some evidence proving the essential elements of the crime, no question of law is presented, sufficiency of the evidence being a matter to be decided by the trier of fact. State v. Victor, 368 So.2d 711 (La.1979); State v. Madison, 345 So.2d 485 (La.1977). It follows that on review of a denial of a motion for a new trial, this Court will not review the sufficiency of the evidence presented to the trial court but will simply determine if there is some evidence of each element. State v. Mouton, 366 So.2d 1336 (La.1978); State v. Banks, 362 So.2d 540 (La.1978). A review of the record reveals there was some evidence of every essential element of the crime on both counts. La.R.S. 14:118 in pertinent part provides as follows:
"Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment or duty: (1) Public officer or employee; or..."
Mrs. Boyd's testimony at the trial revealed that Mrs. Boyd was a public employee and that the defendant paid her the sum of two hundred dollars on both occasions in question to alter the allotment of cases in Criminal District Court. Therefore, since there is some evidence of each and every element of the crimes charged, the assignment is without merit.

Assignment of Error Number 23
The defendant alleges that the trial court erred in denying his motion for a new trial based on the discovery of new evidence.
Article 851 provides that a new trial shall be granted when:
"(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial, it would probably have changed the verdict or judgment of guilty; ..."
The test is not whether a new fact-finder might have returned a different verdict, but whether the additional evidence is so material that it ought to produce a different result. State v. Huckaby, 368 So.2d 1059 (1979); State v. Williams, 362 So.2d 530 (La.1978). Further, a motion for a new trial is properly rejected when it is based on evidence which should have, with reasonable diligence, been discovered before or during the trial. State v. Jones, 344 So.2d 1036 (La.1977); State v. Rossi, 273 So.2d 265 (La.1973).
The defendant offered two items of evidence in support of his motion. The first item was a ledger kept by Mrs. Beatty of all of the checks written on the defendant's Attorney-at-Law account. This ledger did not contain an entry for the two hundred dollar check to Mrs. Boyd. The evidence at trial indicated that the entries were made as the checks were written. As Mrs. Beatty testified that the defendant had written the check and she was not aware of its existence until shortly before Mrs. Boyd picked up the check, the lack of an entry by Mrs. Beatty proves nothing. Further, the defendant testified that the ledger itself was unavailable at trial because it had slipped behind a file cabinet. This is not a convincing assertion that the defendant exercised due diligence in his attempts to discover this evidence.
The second item of evidence produced at the trial was a letter from the Bank of New Orleans stating that the bank was unable to locate any check to Mrs. Boyd, drawn on the defendant's account, which cleared on May 17, 1975. The defendant has failed to demonstrate why this information was unavailable at the time of the trial. Further, we note that although Mrs. Boyd may have been mistaken about the day she cashed the check, she may still have been telling the truth about the other aspects of the case. Therefore, we conclude that the defendant did not demonstrate that this new evidence was so material that it ought to have produced *663 a different result. Further, he has not shown why this evidence would not have been available for trial with the exercise of reasonable diligence.
For the reasons above, the conviction and sentence of the defendant are affirmed.
AFFIRMED.
CALOGERO, J., concurs and assigns reasons.
DENNIS, J., concurs and assigns reasons.
DENNIS, Justice, concurring.
When the defendant's motion for a new trial is examined on the merits, as required by the recent Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which held that the Fourteenth Amendment's due process clause requires that a criminal conviction be based on "sufficient evidence to justify a rational trier of the facts ... [finding] guilt beyond a reasonable doubt," I conclude that, although the state presented a weak case, a rational trier of fact could have found guilt beyond a reasonable doubt.
CALOGERO, Justice, concurring.
Although I agree that assignment twenty-two is without merit, the majority, in my view, has applied an improper standard of review. The majority finds that because there was "some evidence" of each essential element of defendant's crime, the denial of the motion for a new trial was not error. Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), however, this Court is required to apply a different standard: it must determine after resolving conflicting testimony in favor of the state, whether there is "sufficient evidence to justify a rational trier of the facts ... [finding] guilt beyond a reasonable doubt."
Although the state failed to produce the check allegedly payable to Dorothy Boyd, it did present testimony of Mrs. Boyd, Henry Mitchell, and Susan Beatty that such a check was drawn on the defendant's account at the Hibernia Bank payable to Mrs. Boyd and that the payment was in return for Mrs. Boyd's assignment of cases. This evidence in my view was sufficient evidence under the standard of Jackson.

ON REHEARING
DIXON, Chief Justice.
Rehearing was granted in this case to reconsider defendant's Assignment of Error No. 3 complaining of the denial of his motion to recuse the district attorney.
Defendant argues that there was such animosity on the part of the district attorney toward the defendant, and such a "long standing vendetta," that the grounds for the recusal of the district attorney described in C.Cr.P. 680(1)[1] were present. The "personal interest" and animosity, it is argued, resulted from a prosecution of one Villarubia, a matter in which the wife of the district attorney had been interested as an attorney, having represented, as a lawyer, some of the parties involved. Mrs. Connick had testified, it is alleged, and defendant accused her of perjury, and sought her prosecution, which should have caused the district attorney to become so hostile and full of animus toward the defendant that he could not prosecute fairly and impartially.
The record does not support the defendant's complaint, nor his argument. On the motion to recuse, only the district attorney and some assistants, and one Baumler, testified. The district attorney testified that he had known defendant for a number of years, and held no personal animosity toward him. His testimony was neither shaken nor contradicted.
The assistant district attorneys only testified to a meeting with Mr. Baumler, who was representing the defendant. At this *664 meeting, the assistant district attorneys informed Mr. Baumler that there was an investigation into allegations of criminal conduct involving defendant and others. The assistant district attorneys inquired of Baumler whether Marcal would consider cooperating with the prosecution in return for some limited grant of immunity.
No other evidence was offered. There is no evidence in this record to support a contention that the district attorney had such personal animosity that his personal interest conflicted with the fair and impartial administration of justice. In fact, there is no evidence in the record that Mr. Connick himself participated in any way in initiating or deciding to proceed with this prosecution against the defendant. Mr. Connick did not know about the facts of this case until after the investigation of the charges against defendant had been commenced by the district attorney's staff.
The defendant bears the burden of proving that the district attorney has a personal interest in conflict with the fair and impartial administration of justice. State v. Snyder, 256 La. 601, 237 So.2d 392 (1970). There is no error in the trial court's ruling on the motion to recuse.
Our original opinion is reinstated, and the conviction and sentence of the defendant are affirmed.
NOTES
[1] "A district attorney shall be recused when he:

(1) Has a personal interest in the cause which is in conflict with fair and impartial administration of justice;
..." (C.Cr.P. 680(1)).