449 So.2d 49 (1984)
STATE of Louisiana
v.
Eric ASPIN.
No. 83 KA 0997.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Rehearing Denied April 3, 1984.
*50 William E. Woodward and William G. Carmichael, Asst. Dist. Attys., Clinton, for plaintiff-appellee.
J. Michael McDonald, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Defendant, Eric Aspin, was found guilty of the production of a controlled dangerous substance, to-wit: marijuana, in violation of L.S.A.-R.S. 40:966A(1). Upon his conviction, he was sentenced to five years in prison at hard labor. He appeals both his conviction and sentence.
On the evening of August 25, 1982, law enforcement officers, responding to a reported shooting, made their way to defendant's residence. Upon arriving, they were informed by Henry Garrett, an occupant of the dwelling, that defendant had been taken *51 to the hospital for treatment of gunshot wounds. Officers immediately commenced a search of the area, looking for evidence of the crime and/or the gunman, should he still be in the area.
During this search, one of the officers viewed several pots containing plants which the officers suspected to be marijuana. Based upon these facts, two of the officers withdrew from the area and proceeded to secure a search warrant. Upon its issuance, the officers returned to conduct a search of the house and surrounding land. During such search, nine plants growing in pots behind the house were confiscated, together with several cake tins containing seeds and drying vegetation. Testing by the State Crime Lab showed that the growing plants, seeds, and drying vegetation were marijuana. Defendant was subsequently arrested and charged with the production of marijuana.
Upon conviction by the jury, the trial court sentenced defendant to five years imprisonment at hard labor. Defendant now appeals, asserting that the trial court erred in (1) sentencing him to five years at hard labor as it is unsupported by the record, (2) failing to sustain his motion for post-conviction judgment of acquittal, (3) failing to sustain his motion to suppress the evidence seized during the search of his residence, (4) allowing the State to prove its case with rebuttal testimony rather than in its case-in-chief, and (5) admitting evidence, over defendant's objection, in which a proper chain of custody had not been established.

ASSIGNMENT OF ERROR NO. 3
Defendant asserts herein that the trial court erred in not suppressing the seized evidence based upon the alleged illegal search and seizure in his residence. He contends that the search warrant was obtained after an unauthorized search of his residence turned up incriminating evidence. It is uncontested that the search warrant was based upon the officers' observation of several marijuana plants growing in barrels on defendant's property. The State asserts that the discovery of the marijuana falls within the "plain view" exception to a search warrant. Defendant asserts that such exception is inapplicable in this instance.
The Fourth Amendment to the United States Constitution and Art. I, Section 5, of the Louisiana Constitution protect persons from unreasonable searches and seizures. However, the courts have carefully etched out of these protections, certain exceptions. One such exception is the "plain view" doctrine. To fall within this exception, there must be prior justification for an intrusion into the protected area in the course of which evidence is inadvertently discovered, and it must be immediately apparent without close inspection that the items are evidence or contraband. State v. Hernandez, 410 So.2d 1381 (La.1982). Based upon this standard, the threshhold issue is whether the officers had a right to be in this protected area (i.e., defendant's property).
To answer this threshhold issue, the courts have developed another carefully defined exception to the search warrant requirement, the "emergency exception." Under this exception, police officers may, without a warrant, enter upon private premises to render emergency assistance to those they reasonably believe to be in distress and in need of such assistance. State v. Ludwig, 423 So.2d 1073 (La.1982); and State v. White, 399 So.2d 172 (La.1981). Further, where the officers have received information that a shooting has occurred in the area, they are entitled to make a prompt warrantless search of such area to see if other persons are in need of any aid or if the perpetrator is still on the premises. State v. White, supra. The burden of showing that the warrantless entry falls within the narrow confines of the "emergency exception" is upon the State. State v. Ludwig, supra.
Herein, it is uncontested that police officers were called to defendant's residence as a result of a reported shooting. Upon arriving, the officers were informed that the victim, defendant herein, had been *52 taken to the hospital. Thus, we find the officers were legitimately on defendant's premises and were well within their right to search the area for the perpetrator of the shooting. Having met the threshhold requirement, we now consider whether the plants were discovered inadvertently.
The record reflects that when the officers were searching the premises for evidence of the crime or the perpetrator, they came upon the marijuana located behind a small pump house in the rear of the main dwelling. Defendant contends that the distance between the contraband and where the officers were legally entitled to search was approximately 150 to 200 feet. As such, he asserts that the discovery was not inadvertent.
While it is well settled that a warrantless search must be "strictly circumscribed by the exigencies which justify its initiation," we find that where a shooting has occurred outside the confines of a residence, a search of the general area is warranted. We also find that the police officers were well within the parameters of their search when they inadvertently discovered the marijuana.
Lastly, the record also reflects that the officers who inadvertently discovered the marijuana were very knowledgeable as to the drug's physical characteristics. They testified that a close inspection of the material was not necessary to confirm their belief of the substance's true identity. Having met the three-prong test to substantiate that the marijuana was in "plain view," we find that it was properly admitted into evidence. Accordingly, defendant's assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant next contends that the chain of custody of the evidence seized from his residence was not established. He complains that confusion at the scene and poor cataloging of the seized evidence have led to a discrepancy in the officers' testimony such that the evidence should have been excluded.
While some confusion as to the exact number of marijuana plants seized exists, we find that the record clearly establishes that it is more probable than not that the evidence introduced is the same as that originally seized. See State v. Joseph, 441 So.2d 1290 (La.App. 1st Cir.1983). As such, we find that the trial court correctly found that the State had presented a complete chain of custody. Accordingly, defendant's assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial court erred when it permitted the State to present rebuttal evidence which he claims should have been properly brought in the State's case-in-chief.
L.S.A.-R.S. 15:282 provides that the prosecution has a right to rebut evidence adduced by the defendant. Such rebuttal evidence may be offered to explain, retell, counteract, or disprove facts given in evidence by an adverse party and may be used to strengthen the State's original case. State v. Huizar, 414 So.2d 741 (La. 1982). However, the State may not reserve part of its case-in-chief for rebuttal testimony after the defense has put on its case and when it can no longer present evidence to rebut the State's case. State v. Turner, 337 So.2d 455 (La.1976). The determination of whether evidence is rebuttal and, hence, admissible, is addressed to the sound discretion of the trial court. State v. Huizar, supra.
Here, defendant testified that he did not know that marijuana was growing on his property and that he had nothing to do with it. In rebuttal, the State adduced the testimony of the perpetrator of the shooting, Robert Allen Owens. Owens testified that he had purchased marijuana in the past from defendant, had, in fact, been given marijuana by the defendant, and had seen marijuana growing on defendant's property. On the night of the shooting, Owens testified that he had gone up to defendant's property to steal some of the marijuana plants.
*53 In the matter sub judice, the testimony complained of was offered to directly counteract and disprove facts given in evidence by the defendant herein as to his knowledge and association with the marijuana. As such, it is admissible as rebuttal evidence. We find no abuse of discretion on the part of the trial court in allowing such evidence to be admitted.
Moreover, defendant failed to object at trial when such evidence was presented. As such, defendant has waived any right to complain on appeal. L.S.A.-C.Cr.P. art. 841; State v. Gomez, 433 So.2d 230 (La. App. 1st Cir.1983). Accordingly, we find defendant's assignment of error to be without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant next contends that the trial court erred in denying his motion for a post-verdict judgment of acquittal based upon insufficiency of the evidence to sustain a guilty verdict. He argues that the circumstantial evidence relied upon by the State failed to exclude every other reasonable hypothesis of innocence.
L.S.A.-C.Cr.P. art. 821 provides that a post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in the light most favorable to the State, does not reasonably permit the finding of guilty.
In the instant case, we have already determined that the evidence, viewed in the light most favorable to the prosecution, supports a finding of guilty. Further, assuming every fact to be proved that the evidence tends to prove in order to convict, every reasonable hypothesis does exclude defendant's innocence. Accordingly, the trial court's denial of a post-verdict judgment of acquittal was proper. We find defendant's assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 1
Defendant lastly contends that the trial court erred in imposing an excessive sentence. In brief, he also impliedly asserts that the trial court erred in not considering mitigating factors in arriving at defendant's sentence.
L.S.A.-C.Cr.P. art. 894.1 sets forth sentencing guidelines for the trial court. It provides three general conditions under which the court should impose a prison sentence. Another eleven factors are listed as considerations in determining suspension of sentence or probation. Finally, the statute requires the trial court to state for the record, the considerations and factual basis for imposing the given sentence. However, the trial court need not articulate every aggravating and mitigating circumstance. The record must reflect only that he adequately contemplated the guidelines given in the article. State v. Parish, 429 So.2d 442 (La.1983).
Herein, the trial court enumerated for the record, various reasons for the imposition of a prison sentence. The court stated that it believed defendant was not only cultivating marijuana but was involved in its trafficking. It further found that such trafficking led to violence in which life was endangered. Based thereon, the court concluded that there was an undue risk that during the period of suspended sentence or probation, the defendant would commit another crime. The trial court also stated that it felt that the defendant was unrepentent and that, if placed on probation, he would continue to cultivate marijuana. Based thereon, he found that the defendant was in need of correctional treatment in a custodial environment.
Defendant asserts that when he sought to introduce mitigating factors, the trial court refused to take notice. The record substantiates this fact. As such, we find that the trial court did not comply with the letter of the law. However, from the record we find that the trial court's refusal to hear defendant's comments was harmless error. Accordingly, we find that the trial court adequately complied with L.S. A.-C.Cr.P. art. 894.1.
The trial court has wide discretion in imposition of sentences within statutory limits. These sentences will not be set *54 aside absent manifest abuse of discretion. State v. Willis, 420 So.2d 962 (La.1982). However, even sentences within statutory limitations may be considered excessive. State v. Trahan, 412 So.2d 1294 (La.1982). Those sentences grossly out of proportion to the severity of the crime or nothing more than purposeless and needless imposition of pain and suffering are prohibited by the Louisiana Constitution of 1974, Article I, Section 20. State v. Willis, supra.
In the instant case, the maximum allowable sentence is 10 years at hard labor and the payment of a fine in the maximum amount of $15,000.00. L.S.A.-R.S. 40:966 B(2). Here, the trial court imposed a five-year term at hard labor without a fine. We find that the sentence imposed is neither grossly disproportionate nor a needless imposition of pain and suffering. On the contrary, we believe there is more than adequate justification for the sentence imposed.
For the above and foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.