453 So.2d 993 (1984)
STATE of Louisiana
v.
Lionel BENTON.
No. 84 KA 0016.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Writ Denied September 28, 1984.
*994 Ossie Brown, Dist. Atty. by Ralph Roy, Asst. Dist. Atty., Joseph N. Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen S. Richey, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Defendant, Lionel Benton, appeals his conviction for attempted aggravated rape and his sentence of 15 years at hard labor.
On November 8, 1981, defendant had sexual intercourse with the victim. This fact is not in dispute. However, there is a dispute concerning the factual circumstances surrounding the commission of the offense and whether the victim consented thereto.
Defendant was charged with violating L.S.A.-R.S. 14:42, Louisiana's aggravated rape statute. After a trial thereon, the jury convicted defendant of attempted aggravated rape. The trial court sentenced defendant to 15 years at hard labor and ordered him to pay court costs. Defendant appeals his conviction and sentence, alleging seven assignments of error.
The second and third assignments of error were not briefed and, therefore, are considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4; State v. Kent, 434 So.2d 1258 (La.App. 1st Cir. 1983), writ denied, 440 So.2d 727 (La.1983). The first and fourth assignments of error concern the issue of admitting prior consistent statements into evidence and will be addressed together. The remaining assignments of error allege that the trial court erred in denying defendant's motion for mistrial, accepting a verdict contrary to the law and evidence, and imposing an excessive sentence.

ASSIGNMENTS OF ERROR NOS. 1 AND 4
Defendant contends that the trial court erred in failing to admit his prior consistent *995 statements into evidence. Defense counsel attempted to introduce the statements on two different occasions during trial.
L.S.A.-R.S. 15:496 details the requisite foundation for allowing the introduction of prior consistent statements, the fact of which is offered as corroboration. State v. Marcal, 388 So.2d 656 (La.1980). It provides:
"When the testimony of a witness has been assailed as to a particular fact stated by him, similar prior statements, made at an unsuspicious time, may be received to corroborate his testimony."
The first time defense counsel attempted to introduce the statements was during his cross-examination of Officer Starkey, a prosecution witness. At that time, defendant had not yet testified. Accordingly, there was no testimony by the defendant which had been assailed as to a particular fact and, thus, no basis for allowing the statements to be received as corroborative evidence.
The second attempt to introduce defendant's prior consistent statements occurred during defense counsel's direct examination of Officer Starkey. Although defendant had testified at that time, the record indicates that his testimony was not assailed as to a particular fact but rather as to its general credibility. Therefore, the statements were inadmissible under L.S. A.-R.S. 15:496 since it requires an assault on a particular fact of a witness' testimony, rather than an assault on the witness' general credibility. State v. Marcal, supra.[1]
Furthermore, the trial judge ruled that defendant's statements were not made at an unsuspicious time as required by the statute. We agree. Defendant made these statements after the police confronted him, informed him that a rape complaint had been made against him, and advised him of his rights. There is nothing in the record to indicate that the defendant did not understand his rights, the seriousness of the crime, or that he was the suspect in a pending rape investigation. Albeit that the defendant had not been arrested at the time he gave the statements, the knowledge that he was suspected of committing the rape could produce a motive for making an exculpatory statement.
Defendant also argues that this evidence is relevant and, therefore, its exclusion violated his right to a fair trial. Although the statements may be relevant, they are, at best, corroborative evidence which was inadmissible under the rules of evidence. See L.S.A.-R.S. 15:496. Accordingly, the exclusion of the statements from evidence did not violate defendant's right to a fair trial.

ASSIGNMENT OF ERROR NO. 5
Defendant asserts that the trial court erred in failing to grant a mistrial because of prejudicial remarks made by the prosecutor during rebuttal closing argument.
Argument of counsel is governed by L.S.A.-C.Cr.P. art. 774. It provides:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
"The argument shall not appeal to prejudice.
"The state's rebuttal shall be confined to answering the argument of defendant."
If the argument goes beyond the scope of this article, it falls within the ambit of L.S.A.-C.Cr.P. arts. 770 and 771.[2] See L.S. A.-C.Cr.P. art. 774, comment (c); State v. Morris, 404 So.2d 1186 (La.1981), rehearing *996 denied, Oct. 9, 1981. In order for argument outside the scope of L.S.A.-C.Cr.P. art. 770 to be reversible, the court must be thoroughly convinced that these remarks influenced the jury and contributed to the verdict. State v. Morris, supra.
In his rebuttal closing argument, the prosecutor commented that the defense had under its control and could have produced certain evidence. Defense counsel moved for a mistrial and, alternatively, for an admonition to the jury to ignore the references to her ability or inability to produce certain witnesses. The basis of her objection was that the statements infringed on defendant's right to the presumption of innocence. The trial court denied the motion for mistrial but agreed to, and did, admonish the jury not to misunderstand the earlier instruction giventhat the defendant is not required to produce any evidence.[3]
The prosecutor's remarks that the defense objected to are not included among the prohibitions of L.S.A.-C.Cr.P. art. 770, which mandates the ordering of a mistrial. Therefore, L.S.A.-C.Cr.P. art. 771 is the appropriate article to apply in this instance. Under that article, it is within the trial court's discretion to determine whether an admonition is sufficient or whether a mistrial is necessary to assure the defendant a fair trial.
The trial judge believed an admonition was sufficient to cure any prejudice which may have resulted from the prosecutor's irrelevant remarks. We agree that this was the correct sanction.
In this instance, the jury accepted the victim's testimony over that of the defendant. This was a credibility determination by the jury. It was capable of being made regardless of the other evidence presented at trial. Therefore, we cannot say that the prosecutor's comments, by themselves, necessarily influenced the jury and contributed to the verdict. In the absence of such, the granting of a mistrial was not warranted.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that there was insufficient evidence to support the verdict of guilty of attempted aggravated rape. He argues that, since he did not deny he had sexual intercourse with the victim, consent was the only issue before the jury. Therefore, defendant maintains that the jury could only return a verdict of guilty or not guilty of the charged offense.
L.S.A.-C.Cr.P. art. 814, § A(8) lists attempted aggravated rape as a responsive verdict to the offense of aggravated rape. Upon motion of the State or the defense, the court, in its discretion, may exclude a listed responsive verdict, if, after all the evidence has been submitted, there is no evidence to establish that responsive verdict. L.S.A.-C.Cr.P. art. 814, § C. If the defendant fails to object at a time when the trial court can correct the error, then the reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense. This is so, whether or not the evidence supports the conviction of the legislatively responsive offense returned by the jury. State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. denied, ___ U.S. ___, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983).
At trial, the jury instructions included a charge regarding the responsive verdict of attempted aggravated rape. No objection was made by defense counsel to this jury instruction. It is being raised for the first time on appeal. Therefore, if the evidence supports conviction of the greater offense, aggravated rape, this court may affirm the conviction.
The victim testified she had sexual intercourse with the defendant and defendant admitted this fact. Further, the victim testified that defendant armed himself with a knife and forced her, against her will, to have sexual intercourse with him. Further, *997 the victim testified that defendant threatened her several times and, at one point, put the knife to her throat and said he would kill her if she did not do what he wanted.
The testimony of the victim is sufficient to prove the offense charged. State v. Norman, 448 So.2d 246 (La.App. 1st Cir.1984). Therefore, there is evidence in the record to support a conviction of the greater offense, aggravated rape. Accordingly, the conviction is affirmed.[4]

ASSIGNMENT OF ERROR NO. 7
Defendant contends that his 15 year sentence is excessive. He argues that the trial court overestimated the significance of his prior offenses and failed to apply any of the mitigating factors. In addition, he asserts that the sentence imposed is out of proportion to the severity of the crime.
L.S.A.-C.Cr.P. art. 894.1 requires the trial court to state for the record the considerations and factual basis for imposing the given sentence. However, it need not articulate every aggravating and mitigating circumstance. The record need only reflect that the trial judge adequately considered the guidelines given in the article. State v. Parish, 429 So.2d 442 (La.1983). Even when the trial court has not complied with C.Cr.P. art. 894.1, this court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Davis, 448 So.2d 645 (La.1984).
At the sentencing hearing, defense counsel asked the trial court to consider as mitigating factors defendant's fairly steady employment history, his family and his support thereof. The court stated it had taken those factors into account in arriving at the sentence. The court then sentenced the defendant. Thereafter, the trial court enunciated the following reasons for the sentence imposed. It stated that confinement was appropriate because there was undue risk that defendant would commit another crime. The court noted that defendant's criminal record dated back to 1976. The court pointed out that defendant's criminal record included convictions for possession of marijuana, criminal damage to property, reckless operation, fleeing to elude and no driver's license. Furthermore, the court opined that defendant was in need of correctional treatment, explaining that defendant previously had had the benefit of unsupervised probation without any apparent beneficial effect. Lastly, the trial court concluded that a lesser sentence would deprecate the seriousness of the crime. In support thereof, the court cited the overpowering physical nature of the offense following defendant's gaining the victim's confidence and then turning on her and inflicting this offense. Defense counsel complains that the trial court did not enunciate the effect of the factors she requested the court to consider nor did it mention any other personal consideration.
According to the pre-sentence investigation report, defendant was 30 years old at the time of the offense. The report reveals that, although defendant was married and had three children, he was residing with his sister. It states: "The marriage is considered stable in that they would reunite if the subject is released from jail." (Emphasis added). There is no mention of defendant contributing to the support of his estranged wife and/or children either in the report or at the sentencing hearing. Further, the "fairly steady employment" disclosed in the report consists of one and one-half years in the frozen food business.
*998 Notwithstanding the fact that the trial court failed to articulate the effect of these factors, this court need not remand the case for resentencing if we conclude that the sentence imposed is not apparently severe.
We do not consider that the above-noted factors exemplified defendant's character in such a manner as to have a favorable effect toward mitigating his sentence. Contrarily, the fact that a defendant is a first-time felony offender and his previous crimes were not serious or offenses against the person are mitigating factors favorable to him. Nevertheless, these mitigating factors must be considered in light of the other circumstances surrounding the commission of the crime and, in particular, the nature and manner in which the offense was committed. State v. Smith, 430 So.2d 31 (La.1983), rehearing denied, May 13, 1983.
Attempted aggravated rape is a violent offense against the victim's person. As recognized by the trial court, defendant gained the victim's confidence and then turned on her, inflicting this offense. The victim testified defendant placed her in fear of her life.
The maximum penalty which may be imposed for the crime of aggravated rape is fifty years at hard labor. L.S.A.-R.S. 14:27(D)(1); L.S.A.-R.S. 14:42. Defendant was sentenced to serve fifteen years at hard labor, less than 1/3 the maximum sentence.
In light of the circumstances surrounding this offense, this sentence is neither grossly disproportionate to the crime nor a needless imposition of pain and suffering. Therefore, it is not excessive and is well within the discretion of the trial court. See State v. Willis, 420 So.2d 962 (La. 1982).
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In State v. Marcal, 388 So.2d 656, 660 (La. 1980), the Louisiana Supreme Court stated:

"La.R.S. 15:496 requires that the testimony of a witness has been assailed as to a particular before a prior inconsistent statement can be introduced."
Since L.S.A.-R.S. 15:496 clearly concerns prior consistent statements, the use of the word inconsistents is obviously an error. The word should be consistent.
[2] L.S.A.-C.Cr.P. art. 770 sets forth the instances in which the trial court shall order a mistrial. Contrarily, L.S.A.-C.Cr.P. art. 771 is the discretionary mistrial article.
[3] The trial court gave the following admonishment to the jury:

"All right, ladies and gentlemen, you will recall my preliminary instructions to you, and I will just simply mention them to you as an admonishment that the defendant is not required to produce any evidence whatever."
[4] We note that there is conflicting testimony about factual matters, the resolution of which depends on a determination of the credibility of the witnesses. However, this is a matter of weight of the evidence, not its sufficiency. State v. Norman, supra, and cases cited therein. A determination of the weight of the evidence is a question of fact. Id. This court has no appellate jurisdiction to review questions of fact in criminal cases. La. Const. of 1974, art. V, § 10(B).