ALFORD, Judge.
Defendant, Dimple E. Turner, was charged by bill of information with two counts of forgery, (R.S. 14:72). Defendant pled guilty and was sentenced to five years at hard labor, in the custody of the Secretary of the Department of Corrections, on each count of forgery. These sentences were to be served concurrently with each other. Defendant has appealed her sentence citing one assignment of error.
On May 19 and 20, 1983, defendant cashed two checks at the Milldale Grocery Store. Both checks were drawn for the sum of two hundred dollars. The checks were drawn on the account of Emma Cain and payable to defendant. Emma Cain submitted an affidavit stating that her signature had been forged on both checks. Defendant admitted altering the checks.
ASSIGNMENT OF ERROR NUMBER 1:
Defendant has alleged that the trial court erred in imposing an excessive sentence. Defendant argues that the trial court cited no mitigating factors in imposing sentence. Prior to the imposition of sentence, the trial court allowed counsel for defendant to raise these mitigating factors, (i.e. defendant was employed as a nurse’s aid to support her two minor children). The trial court then noted that defendant was a second felony offender with a lengthy criminal record. The trial court did not reiterate the mitigating factors but did cite C.Cr.P. art. 894.1 and found that defendant’s prior record of forgery and shoplifting coupled with her self-admitted drug dependency created an undue risk of harm that she would commit another crime if given probation or suspension of sentence.
We find, therefore, that the trial court adequately considered the mitigating factors applicable herein. Moreover, even if evidence of these mitigating factors had not been introduced, in State v. Aspin, 449 So.2d 49, 53 (La.App. 1st Cir.1984), this Court held that it was harmless error for the trial court to refuse to allow the defendant to introduce mitigating factors, stating as follows:
However, the trial court need not articulate every aggravating and mitigating circumstance. The record must reflect only that he adequately contemplated the guidelines given in the article [C.Cr.P. art. 894.1],
When a sentence imposed within statutory guidelines is neither grossly disproportionate to the crime, nor a needless imposition of pain and suffering, it is not excessive and, as such, is within the discretion of the trial court. State v. Benton, 453 So.2d 993 (La.App. 1st Cir.1984); La. Const. art. I, § 20.
This Court in State v. Danos, 444 So.2d 1269 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1235 (La.1984), ruled that a sentence will not automatically be set aside for failure of the trial court to articulate those factors considered in imposing sentence, unless the record is inadequate or the record clearly indicates that the sentence is excessive. The maximum penalty for forgery is five thousand dollars and imprisonment at hard labor for ten years. La.R.S. 14:72. Defendant pled guilty to two counts of forgery. For each of those counts she received a sentence of five years imprisonment at hard labor.
*132 Defendant was sentenced within statutory guidelines. The trial court allowed counsel for defendant to cite mitigating factors before the imposition of sentence. The trial court is vested with broad discretion in the imposition of sentence within statutory guidelines. Absent a manifest abuse of this discretion, a sentence will not be set aside. State v. Aspin, supra.
Defendant has not shown and the record does not reflect that the sentences defendant received were grossly out of proportion to the severity of the crimes to which defendant pled guilty. Furthermore, there is nothing to suggest that the sentences imposed were a needless imposition of pain and suffering.
Defendant’s sentences were not excessive. Accordingly, defendant’s assignment of error is without merit.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.