WATKINS, Judge.
Reggie Gaines was charged by bill of information with armed robbery. LSA-R.S. 14:64. He pled not guilty, and, after a jury -trial, he was found guilty and sentenced- to fifteen years at hard labor, without benefit of probation, parole or suspension of sentence. He has appealed, alleging one assignment of error:
1. The the trial court committed error when it imposed an excessive sentence.
At approximately 3:00 on the morning of March 5, 1983, deputy sheriff Johnson of the East Baton Rouge Parish Sheriff Department was summoned to the scene of an armed robbery at Gulf Majik Market.
The clerk at the market, Robert Lawson, stated that two black males had entered the store asking for wine. When told that he could not sell it, one man pulled a gun and demanded that the register be opened. It was opened and defendant proceeded to take the money out, approximately $190.00. They also took a bottle of gin and left. On March 28, 1983, defendant was arrested for the crime and was identified as one of the perpetrators by Lawson from a photo lineup.
ASSIGNMENT OF ERROR:
Defendant urges on appeal that the trial court committed error when it imposed an excessive sentence. Article 1, Section 20 of the Louisiana Constitution provides that no law shall subject any person to cruel, or excessive punishment. Even though a sentence is within statutory limits, it may violate a defendants’ constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge is given wide discretion in the imposition of a sentence within the statutory limits absent a manifest abuse of his discretion. State v. Perkins, 450 So.2d 396 (La.App. 1st Cir.) writ denied 452 So.2d 694 (La.1984); State v. Gray, 430 So.2d 1251 (La.App. 1st Cir.1983).
The Code of Criminal Procedure sets forth the items which must be considered by the trial judge before passing sentence. LSA-C.Cr.P. art. 894.1. The trial judge need not recite the entire checklist but the record must show that he did in fact consider the guidelines. State v. Benton, 453 So.2d 993 (La.App. 1st Cir.) writ denied 457 So.2d 17 (La.1984). It is not necessary that the court consider every aggravating or mitigating circumstance but only that the trial judge adequately consider the guidelines given in the record. State v. Benton, supra.
LSA-R.S. 14:64, armed robbery, provides that whoever commits the crime shall be imprisoned for not less than five *633 years and not more than ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. In sentencing the defendant to fifteen years at hard labor, the judge pointed to defendant’s actions in light of the fact that he was on probation for burglary. He also discussed the extremely dangerous nature of the crime of armed robbery and the fact that he, the judge, had experience with the defendant on a burglary charge as he was the sentencing judge in that case. The trial judge set forth as additional reason-ings for sentencing the following facts; that defendant was a principal in an offense involving a gun; he was a second offender with an arrest record dating back to his juvenile days; he is an 11th grade dropout with no substantial work history; and prior probation efforts have failed.
The trial judge satisfied the statutory criteria of LSA-C.Cr.P. art. 894.1. In State v. Flowers, 441 So.2d 1288 (La.App. 1st Cir.1983), this court noted that LSA-C. Cr.P. article 894.1 requires the trial judge to state for the record the considerations taken into account by him and the factual basis therefor when imposing sentence. The trial judge need not set forth all the factors listed in the statute to which he accorded some weight.
This assignment of error is without merit.
AFFIRM.