BYRNES, Judge.
Defendant Richard Caminita was convicted of two counts of distribution of marijuana, a violation of R.S. 40:966(A). He was sentenced as a multiple offender to seven years at hard labor on each count, to be served concurrently, and was denied good time or parole eligibility until one half of his sentence had been served. On appeal, Caminita urges four assignments of error.
FACTS
In April and May of 1984 an undercover police officer purchased small amounts of marijuana from defendant. The officer was part of a three man team investigating drug sales in the area. The other two officers served as backup and observed the events surrounding the sales, although they did not actually observe an exchange of drugs for money. Following the second purchase, defendant was arrested.
ASSIGNMENT OF ERROR 1
By this assignment, the defendant argues that the trial court erred in permitting Mr. Patrick Laurent, a state witness, to testify on rebuttal regarding the facts of a previous offense committed by the defendant.
On direct examination the defendant admitted to a prior conviction for receiving stolen property, a violation of R.S. 14:69. He testified that he had received some two-way radio equipment from a friend who asked if he could sell them. Caminita admitted that he sold these radios, but claimed that he did not know they were stolen from Laurent Construction Company, his former employer. He further stated that the radios did not bear any markings indicating that they were Laurent Construction property.
To rebut this claim, the state called Patrick Laurent, owner of Laurent Construction Company, who testified that two portable business band radios and a base station for the radios were taken from his business establishment during a burglary. Mr. Laurent further stated that each piece of equipment bore the letters “L.C.” which were etched in the radios by an electric engraver and that defendant had used them while working for his company. According to Mr. Laurent, another former employee told him that the defendant attempted to sell these radios.
Under R.S. 15:282, the state has the right to rebut evidence presented by the defendant. Rebuttal evidence offered by the prosecution pursuant to this section may be offered to explain, counteract or disprove facts given in evidence by the defendant. State v. Williams, 445 So.2d 1171 (La.1984); State v. Howard, 449 So.2d 69 (La.App. 4th Cir.1984). Control of evidence presented by the state on rebuttal is within the sound discretion of the trial judge, whose ruling will not be disturbed except in extreme cases, as where the evidence has been kept back deliberately for the purpose of obtaining an undue advantage over the defendant. State v. Williams, supra; State v. Aspin, 449 So.2d 49 (La.App. 1st Cir.1984).
In the present case, the state did not surprise the defendant by presenting evidence of his prior offense for the first time on rebuttal. Rather, the testimony of Mr. Laurent that the radios bore the initials “L.C.” rebutted the defendant’s statement during cross-examination that the radios bore no distinctive markings. The evidence was not deliberately withheld from the defendant to obtain an advantage, nor was the defendant unduly prejudiced by Mr. Laurent’s testimony since the facts of the prior convictions were discussed in detail during direct and cross examination of the defendant. Under these circumstances we find that the trial court did not abuse his discretion in admitting this testimony. This assignment is without merit.
ASSIGNMENT OF ERROR 2
By this assignment of error, defendant contends that the trial court erred in sentencing him as a multiple offender on both counts of distribution of marijuana. This claim has merit.
*1274 Convictions on more than one count entered on the same date should be treated as one conviction when applying the multiple offender statute. State v. Sherer, 411 So.2d 1050 (La.1982); State v. Wells, 454 So.2d 403 (La.App. 4th Cir.1984). In the present case, the multiple bill specifically refers to two counts of distribution of marijuana and the trial judge stated at the multiple bill hearing that the defendant could receive up to twenty years at hard labor on both counts, the maximum sentence under R.S. 15:529.1 and R.S. 40:966. Thus, it appears that the defendant’s sentences on both counts were illegally enhanced. These enhanced sentences are therefore vacated and the case remanded to the District Court for resentencing.
ASSIGNMENTS OF ERROR 3 & 4
By his next two assignments, the defendant challenges the length and conditions of his sentence. Because we have vacated defendant’s sentences it is not necessary to address these assignments at this time.
ERRORS PATENT
We have also reviewed the record of defendant’s conviction for errors patent and find no errors.
For the foregoing reasons, the defendant’s conviction is affirmed. His sentences as a multiple offender are set aside and the case is remanded to the District Court for resentencing in accordance with the law.
CONVICTION AFFIRMED. MULTIPLE OFFENDER SENTENCES VACATED REMANDED FOR RESENTENCING.