PETERS, J.
hThe defendant, Kenneth Wayne Montgomery, appeals his adjudication as a second felony offender.[1] For the following reasons, we affirm his adjudication in all respects.
DISCUSSION OF THE RECORD
In a trial which began on January 10, 2013, a jury convicted the defendant of two counts of distribution of cocaine, violations of La.R.S. 40:967. Thereafter, the trial court sentenced him to serve two concurrent thirty-year hard-labor sentences on the convictions. Subsequently, the State of Louisiana (state) charged the defendant in this separate proceeding as a habitual offender in violation of La.R.S. 15:529.1. After considering the evidence presented at the July 26, 2013 habitual-offender proceeding, the trial court adjudicated the defendant as a second-felony offender and sentenced him to the same sentence previously imposed, two concurrent thirty-year sentences at hard labor: The defendant appeals the adjudication, asserting in his one assignment of error raised by his appellate counsel, that “[t]he prosecution failed to prove that the defendant was the same person who was convicted of the prior felonies on May 24, 2010 and January 10, 2013.”
OPINION
The offense of distribution of cocaine is subject to a possible incarceration sentence of not less than two, nor more than thirty years at hard labor, with the first two years of the sentence imposed to be served without benefit of probation, parole, or suspension of sentence. La.R.S. 40:967(B)(4)(b). Thus, the defendant received the maximum sentence for each count before imposition of the habitual 12offender provisions of La.R.S. 15:529.1.[2] Additionally, La.R.S. 15:529.1(A)(1) provides an enhanced sentencing range of “a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” Furthermore, La.R.S. 15:529.1(G) provides that “[a]ny sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence.”
After adjudicating the defendant a habitual offender, the trial court sentenced him to the same sentence as before, which is still within the mandatory-minimum range for the habitual-offender conviction. Thus, because the defendant’s sentence is still subject to parole, it is basically the same sentence as that imposed in the underlying proceeding, and the defendant has not raised an excessiveness claim in either his appeal addressing the convic *80 tions themselves or in this appeal. That is to say, the defendant does not challenge the length of the sentences, nor does he explain how a reversal of this adjudication proceeding will benefit him from a sentencing standpoint. Still, given the content of the record before us, we will consider the sole assignment of error.
At the July 26, 2018 habitual offender hearing, the state introduced the following exhibit with regard to the prior conviction:
Exhibit SI: Certified copies of an amended bill of information in docket number 18150-08 charging Kenneth Wayne Montgomery, a black male whose date of birth was listed as April 2, 1961, with possession of cocaine occurring on June 30, 2008; minutes of court dated May 24, 2010, reflecting the entry of a guilty plea before Judge Clayton Davis in docket number 18150-08 to possession of cocaine by Kenneth Wayne Montgomery, who was represented by an attorney and who gave his date of birth as April 2,1961, and his address as 2003 N. Prater St., Lake Charles, Louisiana; and a waiver of | ¡¡constitutional rights and plea of guilty form signed by Kenneth Wayne Montgomery, whose date of birth was listed as April 2,1961.
The state also introduced the following exhibits with regard to the two distribution of cocaine convictions, which gave rise to the habitual offender proceeding:
Exhibit S2: Certified copies of a grand jury indictment in docket number 26952-12 charging Kenneth Wayne Montgomery, whose date of birth was listed as April 2, 1961, with two counts of distribution of cocaine; a bill of information in docket number 10195-13 (the proceeding now before us) charging Kenneth Wayne Montgomery, a black male who was born on April 2,1961, as a habitual offender; jury verdicts of guilty on each count of distribution of cocaine in docket number 26952-12 dated January 11, 2013; minutes of court dated April 1, 2013, reflecting that Kenneth Wayne Montgomery was sentenced by Judge Clayton Davis to thirty years at hard labor on each count of distribution of cocaine to be served concurrently, and the filing of a habitual offender bill of information in docket number 10195-13.
Exhibit S3: Certified copy of an “Appeal Motion for Bond Reduction” to the Third Circuit Court of Appeal by Kenneth W. Montgomery dated October 4, 2012, wherein he stated he was convicted two years ago and he was last arrested on June 30, 2008, and gave his address as P.O. Box 2017, Lake Charles, Louisiana.
Finally, the state requested that the trial judge presiding in the habitual offender proceeding take judicial notice that he had presided in both prior trials at issue. The trial judge responded affirmatively to that request.
The defendant argues on appeal that the state failed to carry its burden of proving beyond a reasonable doubt that he is the same person convicted of the felony on May 24, 2010, and the two felonies on January 10, 2013. Specifically, he points out that the state did not produce expert fingerprint evidence and that the record contains no admission by him that he was the same person. Thus, the issue before this court is whether the evidence before the trial court was sufficient to support a habitual offender finding.
In State v. Brown, 11-1656, p. 2 (La.2/10/12), 82 So.3d 1232, 1234, the supreme court noted the following:
|4For the defendant to receive an enhanced penalty under La.R.S. 15:529.1, the state must prove prior felony convictions and then prove the defendant is the same person who committed the pri- or felonies. State v. Blackwell, 377 *81 So.2d 110 (La.1979). Both the identity and the prior conviction alleged must be proven beyond a reasonable doubt. La. R.S. 15:529.1(D)(l)(b). Various methods of proof establishing identity have been recognized as sufficient to sustain the state’s burden of proof, including testimony of witnesses, expert opinion as to fingerprints, and photographs contained in duly authenticated records. State v. Brown, 514 So.2d 99, 106 (La.1987); State v. Jones, 408 So.2d 1285, 1294-95 (La.1982); State v. Curtis, 388 So.2d 662, 664 (La.1976).
In considering the matter now before us, we first note that the methods of proof set forth in Brown are illustrative and not mandatory. In fact, other methods of proof, including judicial notice, have been found adequate to meet the state’s burden of proof on the issue of identity.
With regard to the use of judicial notice of a trial judge’s participation in a prior prosecution as evidence in a habitual offender proceeding, the supreme court has reached the conclusion that while “the trial judge may take judicial notice that the defendant before him is the same person who has been convicted of the present offense just tried before him[,]” he may not necessarily be able to “take judicial notice that the individual before him is the same defendant as the person convicted in prior (and different) proceedings.” State v. Augillard, 371 So.2d 798, 799 (La.1979).
In the matter before us, the exhibits offered by the state establish that Kenneth Wayne Montgomery, an African-American male residing in Lake Charles, Louisiana, and born on April 2, 1961, was charged on June 30, 2008, in Docket Number 18150-08 of the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana, with possession of cocaine, a violation of La.R.S. 40:967, and was convicted of that offense on May 24, 2010; that an African-American male having the same name, birthday, and city of residence, was charged on September | fi12, 2012, in Docket Number 26952-12 of the same district court, with two counts of distribution of cocaine, violations of La.R.S. 40:967, and was convicted of those offenses on July 11, 2013; and that the pleadings filed by the defendant, in Docket Number 26952-12, acknowledge that the defendant in that proceeding had a prior conviction for which he had been arrested on June 30, 2010. Additionally, counsel for the state noted that the records reflect that the trial judge presiding in the habitual offender proceeding had been the presiding judge in both of the underlying conviction proceedings and the trial court responded that he did “take judicial notice that Mr. Montgomery has now been convicted twice in this division on those dates.”
We find that while the state did not use the specific methods of proof noted in Brown, 82 So.3d 1232, the record before us establishes beyond a reasonable doubt that the individual convicted of possession of cocaine in 2010, and the individual convicted of two counts of distribution of cocaine in 2013, are one and the same. While the trial judge did not specifically state that he recalled the defendant’s first conviction, it is important to note the time-line history of the distribution convictions: a grand jury indicted the defendant on September 12, 2012; a jury convicted him on January 10, 2013; the state filed its habitual offender charge on April 1, 2013, the same day he was sentenced on the underlying convictions; and the defendant was adjudicated a habitual offender on July 26, 2013. Furthermore, a major issue raised by the defendant in the distribution prosecutions was his animosity toward the trial judge based on the prior conviction. This history is documented in the record, was the subject of an effort by the defendant to *82 have the trial judge recused, and was the principal issue in the appeal of his underlying convictions. See State v. Montgomery, 14-390 (La.App. 3 Cir. 12/17/14), 158 So.3d 87. That being the case, this is not a situation where the trial court could only notice that the records reflected his participation in the prior conviction. The, defendant made that conviction history a part of the distribution-conviction proceedings, and the trial judge could take judicial notice of the content of that later proceeding.
We find no merit in the defendant’s assignment of error.
DISPOSITION
For the foregoing reasons, we affirm the adjudication of Kenneth Wayne Montgomery as a second felony offender in all respects.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.

. An opinion addressing the underlying convictions has been released this day and is designated as State v. Montgomery, 14-390 (La.App. 3 Cir. 12/17/14), 158 So.3d 87.

. While the sentence imposed does not mention the mandatory minimum period required under La.R.S. 40:967(B)(4)(b), that minimum requirement is made part of the sentence pursuant to La.R.S. 15:301.1.